SEASE v. SEASE.

DEEDS—CONSTRUCTION OF—LIMITATION OF ESTATES—If effect can be
given to every part of a deed by construing one word to mean
another, that will be adopted in preference to one not having that
effect.   Here the word "her" in the habendum granting to A. "and
her children, her heirs and assigns," construed to mean "their,"
making A. and her children tenants in common.   "Children" should
not, in this deed, be construed to mean "heirs of the body," as that
would make the deed contain repugnant and inconsistent words of
limitation.

Before BENET, J., Bamberg, February, 1902.    Reversed.

Action by F. P. Sease, M. A. Copeland, E. R. Kirkland, L. H. Sease, W. D. Sease, G. P. Sease and B. E. Jones against E. C. Sease, W. E. Sease and J. M. Dannelly, as assignee of F. M. Bamberg. From Circuit decree, plaintiffs and two first named defendants appeal.

*Messrs. Izlar Bros. & Rice* and *B. T. Rice,* for appellants.

*Mr. Jas. F. Izlar* cites : *As to the construction of the deed:* 2 Strob., 102; 1 Lead. Cases, R. P., 54; 32 S. C., 223; 17 S. C., 551; 5 Rich. Eq., 441; 47 S. C., 297; Harp. L., 92; 15 Pick., 104; 25 S. C., 292; 28 S. C., 238; 5 Ency., 1082; 6 Co., 16; McM. Eq., 321; Doug., 321; 6 Rich. Eq., 93; 138 Mass., 205; 5 Rich. Eq., 426; 36 S. C., 38; 1 DeS., 353; 2 DeS., 115. *Habendum never abridges estate, but may vary, alter and enlarge it:* 2 Hill R. P., secs. 44, 112; 39 S. C., 273; 51 S. C., 558; 2 Dev. on Deeds, 836; 35 S. C., 314; 42 S. C., 342. *Only children in esse at delivery of deed can take:* Freem. on Coten., sec. 110; 2 McC. Ch., 440; 3 Strob. Eq., 74; 27 S. C., 574. *Deed takes effect from date of its execution:* 8 Eng. Rul. Ca., 577. *No estoppel here:* 42 S. C., 348; 11 Ency., 424, 439; 13 S. C., 25.

*Mr. H. F. Rice* cites : *Intention is rule of construction:* 1 Rich., 161; 39 S. C., 273; 42 S. C., 343. *All parts must be considered:* 39 S. C., 161; 18 S. C., 606; 42 S. C., 343. *Words should be given their ordinary natural meaning:* 42 S. C., 342; 59 S. C., 137; 6 Rich. Eq., 401; Bail. Eq., 7; 1 Strob. Eq., 84; 37 Pa., 9. *Office of the premises:* 2 Black., 289; 39 S. C., 373; 47 S. C., 296. *Office of habendum:* 2 Black., 241; 39 S. C., 273; 32 S. C., 223; 51 S. C., 558. *Office of warranty:* 2 Black., 300; 51 S. C., 558. *Estate granted by premises shall not be taken away by other parts:* 4 McC. Ch., 198; 5 Ency., 1 ed., 457. *Children used in ordinary sense and its perversion violates all rules of construc-*

*tion,* 6 Coke, 16; 2 Atk., 222; 3 Rich. Eq., 555; 16 S. C., 227; 25 S. C., 362; 36 S. C., 367; Bail. Eq., 7; 1 Strob. Eq., 84; 6 Rich. Eq., 401; 59 S. C., 137; 28 S. C., 131; 10 S. C., 414; 11 S. C., 346; 16 S. C., 220; 56 S. C., 7; 37 Pa., 9; 59 S. C., 137. *Children in esse take with mother:* 6 Coke, 16; 28 S. C., 131; 27 S. C., 515. *"Her" before "heirs and assigns," should be construed "their:"* 1 DeS., 353; 5 Rich., Eq., 426; 23 S. C., 455; 2 DeS., 115; 138 Mass., 105; 3 Strob., 66; 4 DeS., 209. *There is no fee conditional:* 3 Strob., 66; 25 S. C., 289; 42 S. C., 342; 5 Ind., 283; 56 Ga., 9; 13 S. E. R., 189; 6 Coke, 16; 37 Pa., 9. *As to estoppel:* 13 S. C., 29; 42 S. C., 351; 11 Ency., 2 ed., 434; 1 Story Eq. Jur., par. 391; 3 Rand., 563; Big. on Est., 480; 51 Wis., 232; 51 Mo., 449; 18 Wall., 271; 14 Cal., 368; 10 Bair, 531; 29 Me., 539; 6 Hill, 616; 109 Mass., 53; 24 Ala., 446; 25 Ver., 273; 8 Conn., 554; 3 Watts, 238; 17 Serg. & R., 383.

*Mr. B. T. Rice* cites: *As to construction of deed:* 2 Jarman on Wills, 258; 4 Paige, 297; 2 Vernon, 345; 1 Doug., 324; 2 Atk., 220; 3 Strob. Eq., 66; 3 Rich. Eq., 158; 13 Rich. Eq., 42; 1 Rich. Eq., 401. *Habendum may explain or abridge grant, but not otherwise:* Mart. on Con., 103, 102; 70 Pa. St. R., 237. *Deed based on valuable consideration will be upheld in equity:* 34 S. C., 401; 32 S. C., 77; Story Eq. Jur., secs. 783, 790. *No fee conditional can be construed to arise from the terms here used:* 2 Black., 110; 3 Rich. Eq., 280; McM. Eq., 232; Pres. Estates, 440; 4 Kent, 496; 6 S. C., 484; 13 Rich. Eq., 48; Story Eq. Jur., 783, 790; 1 Hill Ch., 282; 2 Hill Ch., 197; 33 S. C., 404; 35 S. C., 330; 5 Rich. Eq., 448.

*Messrs. Howell, Gruber & Bostick,* contra.

*Mr. W. B. Gruber* cites: *To create estate in fee there must be limitation to grantee and his heirs:* 61 S. C., 557. *This deed within the rule that "children" should be construed "heirs of the body:"* 57 S. C., 174; 47 S. C., 294.

*Mr. A. McIver Bostick* cites: *Intention is rule of construction:* 48 S. C., 341; 47 S. C., 288; 51 S. C., 555. *Children may be construed a word of limitation:* 59 S. C., 161; 9 Rich. Eq., 67. *Grant of fee passed whole estate, and he could in habendum pass no other limitations:* 57 S. C., 173; *Ex parte Yon,* 17 S. C.; *McAllister* v. *Tate,* 11 Rich. Eq.; *Glenn* v. *Jamison,* 48 S. C. *As to estoppel:* 56 S. C., 476; 48 S. C., 267; 33 S. C., 206; 18 S. C., 493.

May 31, 1902. The opinion of the Court was delivered by

MR. JUSTICE GARY. This appeal raises the question whether his Honor, the Circuit Judge, erred in construing the word "children" in the deed hereinafter set out to be equivalent to "heirs of the body." At the time the deed was executed, four of Mrs. Esther C. Sease's children were *in esse,* and afterwards others were born. The deed is as follows: "State of South Carolina, Barnwell County. Know all men by these presents, that I, John D. Sease, of the State and county aforesaid, for and in consideration of the sum of two thousand and five hundred dollars to me in hand paid by Esther C. Sease, of the State and county aforesaid, have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said Esther C. Sease and her children, all that plantation or tract of land * * * To have and to hold all and singular the said tract of twelve hundred and thirty-three acres of land, be the same more or less, together with all and singular the rights, members, hereditaments and appurtenances thereunto belonging or in any wise incident or appertaining, unto the said Esther C. Sease and her children, her heirs and assigns, with a reserve to her husband, W. E. Sease, during his natural lifetime, but not subject to his contracts or debts, or those of any other husband which she may hereafter marry. And I do hereby bind myself, my heirs, executors, administrators and assigns, to warrant and forever defend all and singular the said premises unto the said Esther C. Sease and her children

from and against the lawful claims or demands of any person or persons claiming the same or any part thereof."

The deed shows that the consideration for the sale of the land was $2,500. It was unquestionably the intention of the grantor to dispose of the fee in the land without the possibility of a reversionary interest therein to himself, because he used the words "heirs" and "assigns." It is impossible to construe the deed so as to give force and effect to all its parts, without changing the phraseology in some respects. The appellant contends that the intention of the grantor can be carried into effect by construing the word "her" before the word "heirs," in the habendum of the deed, to be intended for the word "their," so that it would read "* * * unto the said Esther C. Sease and her children, their heirs and assigns * * *" On the other hand, the respondent insists that the proper construction is that adopted by his Honor, the Circuit Judge, when he construed the word "children" as the equivalent of the words "heirs of the body." An objection to the last mentioned construction is that it made it possible, in case Esther C. Sease died without disposing of the land, and without heirs of her body living at the time of her death, that the land would have reverted to the grantor; whereas, we are satisfied that he intended to convey the entire fee without such possibility of reverter. Again, if the word "children" is construed to mean "heirs of the body," the deed would then contain repugnant and inconsistent words of limitation—the words "heirs of the body" being words of limitation and inconsistent with the words "heirs and assigns," which are likewise words of limitation. The interpretation placed upon the deed by his Honor not only changes the word "children" into "heirs of the body," but after this is done, makes inoperative and ineffectual the words "heirs and assigns." To reach this conclusion requires a line of reasoning which we are satisfied was not in the mind of the grantor. If, by construing a word to be intended for another word, effect can then be given to every part of the deed, that construction will be preferred to one

which not only changes the meaning of a word, but likewise refuses to give any force and effect whatever to certain other words of the deed. This effect can be accomplished by construing the word "her" to be intended for "their." That this is a proper construction, is manifest from the fact that the grantor evidently intended to convey some interest to the children of Esther C. Sease, as they are mentioned in the deed three times. The fact that the grantor reserved a life estate to W. E. Sease, the husband of Esther C. Sease, shows that he did not intend that the children should take a *life estate*. By construing "children," in its common and ordinary acceptation, as a word of purchase, the children would take as tenants in common with Esther C. Sease, *and this is the only construction that will give effect to every portion of the deed*. In the case of *Keith* v. *Perry,* 1 DeS., 351, the Court construed "her" into "their," in order to give effect to the intention of the testator.

The respondent gave notice that he would ask the Court to sustain the judgment of the Circuit Court on the ground of estoppel. The view which his Honor, the Circuit Judge, took of the case rendered unnecessary the consideration of this question by him. The case will, therefore, be remanded, in order that any questions raised by the pleadings, which are not concluded by the judgment of this Court, may be disposed of.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.