6564

## DILLARD v. YARBORO.

LIMITATION OF ESTATES—FEE CONDITIONAL.—DEED conveying land in habendum to Y., "her and her children and her assigns forever" and in warranty to Y. "her and her children and her assigns," and she having no children then or now carries a fee conditional to Y., and deed from her and her grantee to another carries a fee simple title to their grantor.

Before ALDRICH, J., Spartanburg, April, 1907. Affirmed.

Controversy without action. Lou Dillard, C. F. Thompson and A. J. Dillard against May S. Yarboro. From Circuit decree, plaintiffs appeal.

*Mr. S. M. Wetmore,* for appellants, cites: 3 Rich. Eq., 559; 16 S. C., 227; 25 S. C., 362; 23 S. C., 224; 2 Bay, 398; 13 S. C., 119.

*Messrs. Simpson & Bomar* cite: *Simmons* v. *Price,* 10 S. C.; *McCown* v. *King,* 23 S. C.; *Archer* v. *Ellison,* 28 S. C.; *Hayne* v. *Irvin,* 25 S. C.; 5 Ency., 903; 64 S. C., 220; 17 S. C., 545; Bail. Eq., 234; *Barksdale* v. *Gamage,* Rich. Eq.; 33 S. C., 293; *Selmer* v. *Robertson,* 52 S. C.; *Owings* v. *Hunt,* 53 S. C.; 2 Black., 110.

June 26, 1907. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is a controversy without action. The facts are thus stated in the record: "In 1903, J. A. Cantrell owned a good title in fee to the lot hereinabove described, and in making a conveyance thereof to the said Miss May S. Yarboro, he conveyed the same to her 'To have and to hold all and singular the premises before mentioned unto the said May S. Yarboro, her and her children and her assigns forever.' He warranted the premises to 'May S. Yarboro, her and her children and her assigns,'

against himself and his heirs, and all other persons, etc. In all other respects the deed was in usual form for deeds in this State. He has since conveyed any interest he may have in possession remainder or reversion to Mrs. Lou Dillard, C. F. Thompson and A. J. Dillard.

"The question in the case now is, whether or not, taking this conveyance in the language just quoted, Miss May S. Yarboro took a title therein which she could legally convey to another, so as to cut off her children, if she should ever have children, from any claim to the premises so conveyed, or if not, whether Cantrell's deed with hers, makes a good title."

The defendant, Miss May S. Yarboro, conveyed said land to the plaintiffs.

After setting out the facts, his Honor, the Circuit Judge, concludes his decree as follows: "Under the view that I take of this deed, and the evidence submitted, I think that the word 'children' was inserted by mistake, and that the word 'heirs' was intended by both grantor and grantee, and that the deed should read: 'To her and her heirs and assignees.' This is, I think, shown and proven by the language of said deed 'to her and her children and assigns.' If the intention had been to grant the premises to the defendant and her children alike, as tenants in common, or as owners of a common or equal estate, then the words 'her assignees' should have been written 'their assignees.'

"2. Miss Yarboro paid a full, valuable consideration to Mr. Cantrell for an absolute, fee simple estate in the premises which Mr. Cantrell owned and could have conveyed, and that he intended so to do is conclusively evidenced by his deed to plaintiff.

"3. The defendant, at the date of said deed, was unmarried and childless, and is so now. It is hardly conceivable that the defendant, or Mr. Cantrell, under the circumstances, should needlessly, and without reason, limit the title or estate.

"4. That the defendant intended the deed to be to her absolutely, and so believed it was, is conclusively shown by her execution and tender of a fee simple title to plaintiff.

"5. That Mr. Cantrell intended his deed to the defendant to be a fee simple title, and so intended it to be, is conclusively shown by his fee simple title of the premises made to plaintiffs, at the instance of defendant, conveying all of his rights and estate therein.

"In this view of the case, it is needless to decide whether said deed of Cantrell to defendant conveyed to her and her children, if any she might thereafter have, only a life estate, or whether the word 'children' should be construed as 'heirs of the body.' All of the title to the premises, present and in possible reversion, are in the plaintiff. The deed of Mr. Cantrell to plaintiffs, made to them at defendant's solicitation, has the effect of binding him just as though he were a party to this controversy.

"This being true, the defendant, Miss May S. Yarboro, had the right to convey to 'her assignees'—the plaintiffs—a perfect title to the premises, and by causing the grantor, J. A. Cantrell, to convey all of his right and interest in the lot, she has cut off any reversion of the title, or any need of making him a party thereto.

"My conclusion is, therefore, that the plaintiffs in this action now have a perfect title in the lot in question, and the defendant is entitled to have this proceeding dismissed, and it is so ordered and adjudged."

The plaintiffs appealed upon the following exceptions:

"1. Because the presiding Judge erred in not reaching one or the other of the following conclusions in respect to the construction of the deed from J. A. Cantrell to May S. Yarboro, to wit:

"(1) That the said deed conveyed an estate in fee simple to May S. Yarboro, subject, however, to open and let into the enjoyment and ownership thereof as tenants in common with her, and as purchasers under the said deed, any children that may hereafter be born to her, if there should be such.

"(2) That the said deed conveyed to the said May S. Yarboro an estate for life with remainder to her children, if she should have children living at the time of her death.

"(3) That the said deed conveyed to the said May S. Yarboro an estate in fee conditional the word children, being used as and in the place of 'heirs of the body,' and that under such construction of the said deed, May S. Yarboro could not convey a good title to the said lands until after issue born to her.

"2. Because the presiding Judge erred in not holding that upon one or another of the constructions of the deed mentioned in the preceding exception, May S. Yarboro did not make and could not make to the plaintiffs herein a good title to the premises in question, and in not therefore rendering judgment for plaintiffs against the defendant, as prayed."

The defendant gave notice that she would ask that the decree be sustained upon the additional ground that the deed from J. A. Cantrell to the defendant should be construed to convey an estate in fee conditional, and that by the deed from the defendant to the plaintiffs and the further deed from J. A. Cantrell, the plaintiffs have a good title in fee.

The fact that there were no children *in esse* at the time the deed was executed, plays an important part in this case. Even if the grantees named in the deed had been mentioned in a will, the children could not have taken as such, for the reason that it would be manifest that they were intended to take *immediately,* and not after the preceding estate, at which time they were not in existence. *Robinson* v. *Harris,* 73 S. C., 469, 53 S. E., 755.

As wills are construed with more liberality in carrying into effect the intention of the testator, than in cases involving the construction of deeds, there is a stronger reason for holding that the children named in the deed herein, did not take any interest as such. Under such circumstances, the word "children" must be construed to mean "heirs of the

body," by which an estate tail at common law, and a fee conditional in this State is created.

In 3 Jarman on Wills, 174, it is said: "The rule of construction commonly referred to as the doctrine of Wild's Case, is this, that where lands are devised to a person and his children, and he has no child at the time of the devise, the parent takes an estate tail; for it is said, the intent of the devisor is manifest and certain, that the children (or issues) should take, and as immediate devisees they cannot take, because they are not *in rerum natura,* and by way of remainder they cannot take, for that was not his (the devisor's) intent, for the gift is immediate, therefore such words shall be taken as words of limitation."

"Heirs of the body" are words of limitation whereby the parties take by inheritance and not by purchase; therefore, the conveyance of the property by defendant was as effectual to convey the fee, as if the deed had been to her and her heirs generally, whether she conveyed before or after the birth of issue. The only difference between a conveyance of the land, by the tenant in fee conditional, before and after the birth of issue is, that "where the alienation is before the birth of issue, and issue is subsequently born and dies during the life of the tenant in fee conditional, the reverter of the donor is not thereby prevented." *Barksdale* v. *Gamage,* 3 Rich. Eq., 271.

"It was called a fee conditional, by reason of the condition expressed or implied in the donation of it, that if the donee died without such particular heirs" (*of his body*) "the land should revert to the donor." 2 Bl. Com., 110, quoted with approval in *Barksdale* v. *Gamage,* 3 Rich. Eq., 271.

As the person to whom the estate would have reverted upon the birth and death of issue during the lifetime of the tenant in fee conditional, has likewise conveyed the land to the plaintiffs, the entire fee, therefore, is in them, not subject to any conditions or limitations, and their objections to the validity of the title are without foundation.

Judgment affirmed.