## 9108

### COX *ET AL.* v. NEWBY *ET AL.*

#### (85 S. E. 369.)

LIMITATIONS OF ESTATES. DEED. FEE CONDITIONAL.

1. DEEDS—CONSTRUCTION—WORDS AND PHRASES.—The terms "begotten" and "to be begotten" when used in a deed are construed as synonyms, unless a contrary intention clearly appears.
2. DEEDS—LIMITATIONS OF ESTATES—FEE CONDITIONAL.—In a grant by deed "to A and her heirs begotten by her present husband, B," the word "heirs" is one of limitation, and not of purchase, and A takes a fee conditional.

Before RICE, J., Greenville, February, 1914. Affirmed.

Action by Tench Cox, Mrs. Carey Johnson and Mrs. Jane Hood, plaintiffs, against Mary C. Newby and Lela I. McKinney, defendants, for partition.

The facts are stated in opinion of the Court.

The master for Greenville county, J. W. Gray, Esq., held that the word "heirs" was so qualified, as used in the deed, as to mean children then living, and cited 91 S. C. 300; 71 S. C. 279; 3 Strob. Eq. (22 S. C. Eq.) 86; 3 Rich. Eq. (24 S. C. Eq.) 156; 36 S. C. 38, and 42 S. C. 342.

The Circuit Court reversed the master's report, and held that the children took no estate, and that Elizabeth, the

grantee, took a fee conditional, distinguished the cases cited in the master's report, and cited: 2 Blackstone Com., pp. 114, 115, 116; 1 Serg. & R. (Pa.) 374 to 378; 85 S. C. 475; 56 S. C. 549; 59 S. C. 440.

From judgment in favor of defendants, the plaintiffs appeal.

*Messrs. Ansel & Harris,* for appellants, cite, in addition to the cases cited in master's report: 98 S. C. 234; 6 Coke 16; 16 S. C. Eq. 347; 27 S. C. 524; 73 S. C. 469; 39 S. C. 271.

*Messrs. Haynesworth & Haynesworth,* for respondent, cited 98 S. C. 234.

May 18, 1915.

The opinion of the Court was delivered by Mr. Justice Hydrick.

The question here is the proper construction of a deed conveying real estate, which is regular and in the usual form. In the premises the grant is to Elizabeth J. Cox. The *habendum* is "unto the said Elizabeth J. Cox and her heirs begotten by her present husband, George Cox, forever." Then follows a full covenant of warranty "unto the said Elizabeth J. Cox and her heirs by George Cox."

At date of the deed, Mrs. Cox had five children by George Cox. Two of them predeceased her. She died in 1912, after having conveyed the land in fee simple to Dill, under whom the defendants claim. Mrs. Cox left three children by George Cox surviving her. They are the plaintiffs.

The question is, what estate did Mrs. Cox take under the deed? Plaintiffs contend that the word "heirs" in the *habendum* and warranty was used in the sense of "children." If so, then Mrs. Cox and her children took only life estates, for there is no other word of inheritance in the deed. But

the deed shows the intention of the grantor to part with the fee.

It is contended that the word "begotten," being in the past tense, so qualified the word "heirs" as to show not only that it was used in the popular sense of that word, as meaning "children," but also as meaning children already born and *in esse.* Such construction is not warranted by reason or authority. "Begotten" is often used to refer to future as well as past issue. The words "begotten" and "to be begotten," *"procreatis"* and *"procreandis,"* have always been construed to mean the same, unless a contrary intention clearly appears. Coke Litt. 20b.

The word "heirs" is a technical word, and the rule is well settled that when technical words are used, they must have their technical meaning, unless a contrary intention clearly appears from the context. There is nothing here to take this case out of the rule. *Church* v. *Moody,* 98 S. C. 234, 82 S. E. 428, is conclusive of the question. There the deed was to Margaret Scott "and the heirs of her body begotten," etc. At date of the deed she had one child and another was afterwards born. *Held,* that both were entitled under the deed.

Judgment affirmed.