## 10651.

### BANK OF PROSPERITY v. DOMINICK *ET AL*.
#### (107 S. E. 914)

DEEDS—DEED FROM HUSBAND TO WIFE HELD A COVENANT TO STAND SEIZED, GIVING HER A LIFE ESTATE WITH REMAINDER TO CHILDREN. —Deeds from husband to wife, of which the habendum clauses read: "Unto the said L. D. [wife] during her natural life and at her death to be equally divided between the body issue of H. [grantor] and L. D. and in case of her death before mine I am to enjoy all the uses and privileges of said lands herein conveyed until my death and then to be equally divided as above provided for and her heirs and assigns forever"—*held* a covenant to stand seized, not requiring words of inheritance to carry the fee to the remaindermen, and, H. having died, to vest a life estate in L. D., the wife, with remainder to her children by H. per stirpes in fee simple.

Before GARY, J., Newberry, June, 1920. Modified, affirmed and remanded.

Action by the Bank of Prosperity, S. C., against Louisa Dominick et al. From decree for defendants the plaintiff appeals.

For former appeal see 106 S. C., 120.

The agreed statement of facts referred to in the opinion was as follows:

The question raised by the return in this action is what effect would the deeds made by Henry P. Dominick to Louisa Dominick, dated March 18, 1889, have, and what kind of title they conveyed to the said Louisa Dominick? The said two deeds are identical in form, with the exception of the description of the property. The first deed conveyed 224 acres from a 320-acre tract. The second

deed conveyed 76 acres more  or less.  For the purpose of a hearing on this matter, we, the undersigned attorneys, agree that the following are the facts necessary to the construction of said deeds:

That the 224-acre tract was a part of a 320-acre tract, which was conveyed to Henry P. Dominick and Louisa Dominick as tenants in common some time prior to the execution of the two deeds in question. Louisa Dominick was the owner of an undivided one-half interest in said 224 acres.

That at the time of the execution of the said two deeds Henry P. Dominick and Louisa had a number of children, who were living at said time, and there was born to them after the execution of said deeds two children, who are still living.

That the 40-acre tract of land sold by the Master was a part of the 224-acre tract and the 19-acre tract of land sold by the Master was a part of the 76 acres covered by the deeds, copies of which are attached to the return, and which are to be construed herein.

*Messrs. Hunt, Hunt & Hunter,* for appellant, cite: *Intention of grantor must be gathered from wording of instrument itself*: 47 S. C., 294. *Words that cannot be given a meaning are rejected*: 102 S. C., 13. *Change of "her" to "their" in habendum was unwarranted*: 1 DeS. Eq., 353; 64 S. C., 216. *Rejecting "her heirs and assigns" in habendum, Louisa Dominick acquired a fee conditional*: 1 Rich. Eq., 404; 76 S. C., 487; 67 S. C., 307; 83 S. C., 265; 91 S. C., 184; 67 S. C., 118; 99 S. C., 307. *"Body issue" cannot mean children*: 52 S. C., 554; 69 S. C., 293; 47 S. C., 288; 83 S. C., 265; 76 S. C., 484; 71 S. C., 278; 98 S. C., 234.

*Mr. G. G. Sale,* for respondent, Lena Waites, cites: *Deed should be interpreted by ordinary rules of construction, and see whether the intention is in conflict with the*

*rule in Shelley's case*:   67 S. C., 130; 227 Ill., 392.   *All parts of an instrument should harmonize*:   1 DeS. 351; 64 S. C., 221.    *Rule in Shelley's case does not apply where word "issue" after a precedent life estate is so qualified as to evince an intention not to use the word in the sense of an indefinite line of descent*:   16 S. C., 290; 1 Strob. Eq., 346; 23 S. C., 421.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This action was brought originally against Louisa Dominick for the purpose of foreclosing a mortgage given by her to the plaintiff bank.   Other defendants were joined as holders of mortgages upon the same land.   The cause proceeded to judgment of foreclosure and sale.   At the sale the premises were bid off by Ada Dominick, whose relationship to the main defendant does not appear in the record, nor is it material.   The purchaser refused to comply, upon the ground that by the deeds under which the mortgagor, Louisa Dominick, claimed, she had only a life estate, the remainder in fee being vested in her children. A rule was issued, requiring the purchaser, Ada Dominick, to show cause why she should not be required to comply with the bid.   Upon return to that rule, Hon. T. G. McLeod, Special Judge, signed a decree, holding that under the deeds in question Louisa Dominick held a fee conditional and that as there were living children at the time of her death, her mortgage was valid and the sale under foreclosure would carry the fee to the purchaser.   He accordingly dismissed the return of Ada Dominick and required her to comply with her bid.   From this decree there was an appeal to this Court.   This Court (106 S. C., 120, 90 S. E., 264) reversed the Circuit decree upon the ground that a decision of the main point in the appeal

would necessarily affect the interest of the children of Louisa Dominick, and that as they had not been made parties to the action or to the rule, the case should be remanded to the Circuit Court that said children be made parties and be allowed to set up such claim to the land as they might be advised and have the same adjudicated. The Court specifically and expressly refrained from intimating any opinion as to the merits of the controversy.

Thereafter the plaintiff served an amended complaint, making the bodily issue of Henry P. Dominick and Louisa Dominick parties, and alleging such facts as raised the issue of the validity of the title offered to the purchaser. To this complaint all of the defendants filed answers except the mortgagor, Louisa Dominick, the purchaser, Ada Dominick, and the heirs of Henry P. Dominick and Louisa Dominick making the contention that the interest of Louisa Dominick in the premises was only a life estate, the remainder in fee vesting in them upon the death of the life tenant, or, more accurately speaking, vesting in them at the time of the execution of the deeds, the possession being postponed until the efflux of the life estate.

The case was heard by Hon. Frank B. Gary, Circuit Judge, upon the pleadings and an agreed statement of facts, which will be reported. On June 16, 1920, the Circuit Judge filed a decree, determining that Louisa Dominick had only a life estate in the premises, "with remainder after death of Mr. and Mrs. Dominick to the 'body issue' of Mr. and Mrs. Dominick as purchasers." We assume he meant to lodge the fee simple in remainder in the bodily heirs. He further ordered that the interested defendants have leave to apply for such further orders as would carry the decree into effect. The effect of this decree was to discharge the rule against Ada Dominick, the purchaser, and to render void the sale by the Master under the foreclosure decree. It, however, suspended in the air what-

ever rights the several mortgagees had against the interest of Louisa Dominick. It appears that she is still living, and if it should be determined that she has only a life estate in the land, the mortgagees are entitled to have that interest sold and applied to their debts.

There is another matter that has escaped the attention of the Circuit Judge: The plaintiff's mortgage covered two separate tracts, one of 40 acres and the other of 19 acres. The 40-acre tract is a part of a tract of 224 acres which had previously been conveyed to H. P. Dominick and Louisa Dominick by F. H. Dominick, and at the time of the conveyance from H. P. Dominick to Louisa Dominick, dated March 18, 1889, of the 224-acre tract, this tract was owned by H. P. Dominick and Louisa Dominick as joint tenants, Louisa Dominick being the owner of an undivided half interest in the same, and the conveyance referred to of H. P. Dominick to Louisa Dominick conveyed to her only his undivided half interest in the same. If, therefore, she owned in her own right an individual half interest in the land, and the 40-acre tract was a part of the 224-acre tract, her mortgage of the 40-acre tract was a lien upon such undivided interest, independently of a construction of the deed from H. P. Dominick to her, which would affect only the interest which he owned. The mortgagees in any event are entitled to a sale of Louisa Dominick's half interest.

It does not appear that Louisa Dominick had any interest in the 19-acre tract other than what was conveyed to her by the deed of H. P. Dominick, of the same date as the other deed, March 18, 1889. The question for determination is therefore what interest, if any, did the children (heirs of the body) of Louisa Dominick take in the half interest in the 40-acre tract conveyed by H. P. Dominick to Louisa Dominick, and in the 19-acre tract similarly conveyed? Did these deeds convey fee simple or

fee conditional estates to Louisa Dominick, or life estates to her, with remainders to her children? The two deeds contain exactly the same provisions in the habendum clauses:

"Unto the said Louisa Dominick, during her natural life, and at her death to be equally divided between the body issue of Henry and Louisa Dominick, and in case of her death before mine, I am to enjoy all the uses and privileges of said lands herein conveyed until my death, and then to be equally divided as above provided for and her heirs and assigns forever."

It is evident from the terms of the deed that the grantor's intentions were to convey a life estate to his wife, Louisa Dominick, reserving to himself a similar estate in the event that she predeceased him, and at her or his death, as the case might be, to divide the property equally between the "body issue," that is, the children, or their representatives in title, of the grantor and his wife. If this intention can be carried out, without violating the settled principles applicable to the construction of deeds, it will be done, otherwise not. *Smith v. Clinkscales,* 102 S. C., 227; 85 S. E., 1064.

The Circuit Judge held that the concluding words of the limitation, "and her heirs and assigns forever," by changing the word "her" to "their," should read, "and their heirs and assigns forever," which being made applicable to "body issue," meaning children, would vest in such children the fee, postponed in enjoyment to the life estate in Louisa Dominick and a possible life estate in H. P. Dominick upon his survival of Louisa. Under the cases of *Sease v. Sease,* 64 S. C., 216; 41 S. E. 898, and *Keith v. Perry,* 1 Desaus. 353, this is entirely permissible, when it is necessary to carry out the evident intention of the grantor, as in this case.

A different construction of the deed, however, which we prefer, makes it unnecessary to resort to this change of

words. Assuming that the limitation "her heirs and as-signs" was intended to be affixed to the grant to Louisa Dominick, it is clear that they must be rejected as utterly inconsistent with the life estate first granted to her, with remainder to the "body issue." They may therefore be read out of the deed. There remains, therefore, the grant of a life estate to Louisa, and at her death the land was to be equally divided among said "body issue." It has been held in numerous cases that the limitation over, after a life estate to the issue or body issue is equivalent to "heirs of the body," and under the rule in Shelley's Case would carry a fee conditional in the first taker, in the absence of a disclosed intention that these words were not to be taken in the sense of an indefinite line of succession. In the deed under review the expressions, "at her death," "to be equally divided," and the reservation of a possible life estate in the grantor, plainly show that an indefinite line of succession was not contemplated. Accordingly we con-strue the words "body issue," as meaning children or their representatives per stirpes. With this construction a fur-ther difficulty is presented in the absence of words of in-heritance which should accompany the grant to the chil-dren as a fee-simple estate. As a covenant to stand seized, the deed does not require words of inheritance to carry the fee to the remainderman, as has been held in the fol-lowing cases: *Foster v. Glover,* 46 S. C., 522; 24 S. E., 370; *Hunt v. Nolen,* 46 S. C., 356; 24 S. E., 310; *McMi-chael v. McMichael,* 51 S. C., 558; 29 S. E., 403; *Holder v. Melvin,* 106 S. C., 252; 91 S. E., 97. That it has all the elements of such a covenant as laid down in the case of *Watson v. Watson,* 24 S. C., 228; 58 Am. Rep., 247, and the cases there cited is apparent: (1) Consideration of natural love and affection; (2) blood relationship; (3) en-joyment of fee simple in future. The result is the same, that Louisa Dominick took a life estate, with remainder to her children per stirpes in fee simple. Accordingly, the

rule against Ada Dominick, the purchaser, should be discharged, as the Master could not convey what he sold, the fee simple title.

Two other matters, however, deserve attention, and should be disposed of: (1) The rights of the mortgagees; (2) the interest of the heirs. We understand from the record that Mrs. Dominick is still living. Therefore the mortgagees have the right to a sale of her life estate in the 19-acre tract and also of her life estate in an undivided half interest in the 40-acre tract. They have also the right to a sale of her undivided half interest in fee in the 40-acre tract. In view of the complications in the title necessarily resulting from a sale of these separate interests, the parties may agree upon a sale of the entire tracts and an equitable application of the proceeds according to their respective interests.

The judgment of the Court is that the judgment of the Circuit Court as herein modified be affirmed, and that the case be remanded to that Court for further proceedings in harmony with the foregoing conclusions.