12813 .

GLEATON *ET AL.* v. GLEATON *ET AL.*

(151 S. E., 276)

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for appellants,

*Messrs. Wolfe & Berry,* and *Julian S. Wolfe,* for respondent,

January 17, 1930.

The opinion of the Court was delivered by Mr. Justice Stabler.

This appeal is from an order of his Honor, Judge Mauldin, refusing to reopen a judgment in the case. For a correct understanding of the litigation, a brief history of the facts leading up to it and the various proceedings had in Court prior to the judgment appealed from will be necessary.

In 1867, H. H. Gleaton conveyed to Martha A. Gleaton, his daughter, a body of land located in Orangeburg County. Martha, it appears, prior to the execution of the deed, had intermarried with one Bates but had resumed her maiden name. It is agreed by all parties, and so held by the circuit Judge and unappealed from, that the deed of H. H. Gleaton to Martha conveyed to her a fee conditional estate. At that time, she had two living children, Jerome J. and John N. Gleaton; no children were afterwards born to her. In 1894, Martha and Jerome joined in a deed conveying to John N. for his life and at his death to his children about 120 acres of the land conveyed to her by H. H. Gleaton in 1867; this tract of 120 acres is the land involved in this litigation. At the time of the execution of the deed of 1894, John N. had three living children, the petitioners, John H.,

Leslie L., and Carrie L. Gleaton. There were subsequently born to him, prior to 1920, five other children, Golena (Gleaton) Toole, and J. Eugene, Harry, Sigsbee, and Claude R. Gleaton. In 1920, some years after the execution of this deed, Martha A. and John N. executed a mortgage on the same tract of land to the Bank of Springfield, which the bank afterwards assigned to J. R. Dodenhoff. In 1921 Martha A. Gleaton died. A few years later, October 13, 1924, John N. Gleaton died intestate, leaving the eight children already named surviving him; of these Sigsbee and Claude R. were minors.

On November 22, 1924, after the death of John N. Gleaton, his children who were of age brought a suit in partition against their two minor brothers for the purpose of having the land sold for a division. The complaint alleged that the plaintiffs and the defendants *were seized and possessed of the real estate described,* and asked for partition among them. The complaint is as compatible with the theory that the land descended to them as heirs of John N. Gleaton as with the theory that they owned it as remaindermen under the deed of Martha A. Gleaton and Jerome J. Gleaton to John N. Gleaton. The law firm of Wolfe & Berry, of the Orangeburg bar, represented the plaintiffs in this action, and Julian S. Wolfe, Esq., of the same bar, was appointed guardian *ad litem* for the minor defendants and duly filed an answer for them in the case.

The matter was referred to Hon. Ed. C. Mann, Master for Orangeburg County, to hear and determine the issues of law and of fact. He was also directed by the order to call in the creditors of the estate of John N. Gleaton, deceased, by advertisement, to make proof of their claims before him. Reference was held on November 28, at which the plaintiff John H. Gleaton was a witness, and testified that: "I am a son of the late John N. Gleaton. * * * My father owed some debts at the time of his death—left a tract of 123 acres on which there is a mortgage held by Dr. J. R. Doden-

hoff of approximately $2,500.00." It is alleged in the complaint that he was the duly appointed and qualified administrator of the estate of John N. Gleaton, deceased, which indicates that the property was being partitioned as that of John N. Gleaton and distribution was to be made among his heirs. Other testimony was received tending to show that it was for the benefit of all parties concerned that the land be sold at private sale for not less than $5,000.

The Master's report, of date December 5, 1924, contains the following findings of fact: "That one John N. Gleaton departed this life on October 13th, 1924, leaving as his heirs-at-law and distributees of his estate, the plaintiffs and the defendants named in this action, who are all children of the said John N. Gleaton. That at the time of the death of the said John N. Gleaton, he was seized and possessed, in fee," of the real estate described in the report. He also found that the sum of $5,000 would be a reasonable price for the premises and that it would be to the best interest of all parties, including the minors, to have the premises sold at that price. He reported that John N. Gleaton, at the time of his death, was indebted to Mrs. Leslie L. Gleaton in the sum of $500, and that one Dr. J. R. Dodenhoff held a mortgage upon the entire premises for approximately $2,500; and that after the debts and obligations of John N. had been paid from the proceeds of the sale, each of his children would be entitled to one-eighth of the balance. He recommended that the lands be offered for sale privately at an upset price of $5,000. A decree was taken confirming the Master's report, providing for a sale of the premises at a price of not less than $5,000, but no sale was ever made under this order. It does not appear that any exceptions were filed by any of the parties either to the Master's report or to the order of the Circuit Court confirming it.

On September 11, 1925, Dr. J. R. Dodenhoff presented *ex parte,* and without notice to any of the parties, a petition through his attorneys, Wolfe & Berry, asking for leave to

intervene and be made a party to the partition proceedings, for the purpose of setting up the mortgage on the premises executed in favor of the Bank of Springfield by Martha A. and John N. Gleaton in 1920 and assigned by the bank to him, and also a mortgage executed in his favor by Carrie L. Gleaton in the sum of $300 on all her right and interest in the same real estate. On the hearing of this petition, the Master made an *ex parte* order directing that Dr. Dodenhoff be made a party defendant and that his petition be taken as and for his answer in the action.

A reference was held on October 5, 1925, and thereafter the Master reported the amounts due on the mortgages and recommended the sale of the premises and the payment of the claims of the mortgagee. An order, signed by his Honor, Judge Wilson, on October 5, 1925 (apparently a mistake as to date), confirmed the Master's report and directed the sale of the premises; and pursuant thereto, the property was sold on salesday in November, 1925, and bid in by the defendant L. L. Toole for $3,625. Toole complied by paying into the hands of the Master the amount of the bid.

On October 28, 1926, about 10 or 11 months after the sale of the property, a petition was filed on behalf of the children of John N. Gleaton, praying that the judgment given by Judge Wilson, in favor of the defendant Dodenhoff on his mortgages be reopened. The petitioners pleaded that neither Dodenhoff's petition for intervention in the suit nor the order of the Master allowing the intervention had been served upon them; that they had not had an opportunity to contest the Dodenhoff mortgage "by reason of the fact that the order allowing the intervention was irregular in that it was issued by the Master, and the petition was not served upon the parties to the suit or on the guardian *ad litem,* and in that these petitioners were represented by the same attorneys which represented Mr. J. R. Dodenhoff." They prayed, *inter alia,* that the judgment in the case be reopened. In the filing of this petition, the petitioners were represented by

Messrs. D. W. Robinson and D. W. Robinson, Jr., of the Columbia bar. Later, a consent order was signed by Judge Mauldin substituting these gentlemen as attorneys for the plantiffs in the action. A hearing was afterwards had on the petition before Judge Mauldin, who, on July 4, 1927, filed an order denying the prayer of the petitioners.

From this decree, the children of John N. Gleaton, other than Claude, appeal and bring error. The exceptions raise a number of questions, but, under the view of the case taken by this Court, it will be unnecessary to discuss them.

Taking into consideration the allegations of the complaint in the partition suit, the order of reference directing that the creditors of John N. Gleaton be called in, the testimony of the plaintiff John H. Gleaton, the report of the Master, and the order confirming it, this Court is satisfied that the partition suit was instituted, conducted, and concluded upon the theory that the land belonged in fee to John N. Gleaton, and at his death descended to his heirs-at-law, the plaintiffs, and the defendants (the mother having predeceased the intestate), share and share alike. This may have been a mistaken view of the rights of the parties, and doubtless was; but it appears to have been unquestionably the theory of the partition suit which culminated in the decree confirming the Master's report. We are unable to see why it has not became *res adjudicata* as to all of the parties to that action. In any view of the interests which the parties had in the land, certainly all of them were parties to that action; six of them were plaintiffs, adults, and the two minors were made defendants, properly served, guardian *ad litem* appointed and an answer filed. This was followed by a reference at which all were represented, a report of the Master, no exceptions filed, and a decree of the Court confirming the report which fixed the rights of the parties and ordered a sale for partition and a distribution after the payment of the costs and the debts of John N. Gleaton, among which was

the Dodenhoff mortgage which was proved by one of the plaintiffs before the Master.

It will be observed that the attack contained in the petition is upon the decree of his Honor, Judge Wilson, apparently bearing date October 5, 1925, and not upon the decree of 1924 confirming the Master's report of December 5, 1924. The ground of the attack is that the parties were not notified of the intervention of Dodenhoff. It is clear, however, that the scheme from the first was to have the land sold, the debts of John N. Gleaton paid out of the proceeds, and the balance distributed. The Master reported upon the Dodenhoff mortgage after the plaintiff John H. Gleaton had admitted its existence, and his report was confirmed. We do not think under these circumstances, when all of the parties were represented by most reputable attorneys, manifestly co-operating for economy, that the intervention of Dodenhoff was necessary, and think that the decree of Judge Wilson was simply an orderly step in the proceedings. In the absence of such a petition, and in view of the fact that the order of private sale at $5,000 could not be carried out, it would have been entirely proper, with all the parties present and consenting, that the order of sale be passed as in a foreclosure. The complication which would arise upon a cancellation of this order would be irremediable. The land has been sold, the purchaser has paid his money, the bulk of the proceeds has been distributed, the purchaser has received his deed, and the Dodenhoff mortgages have been paid. The situation is due to the laches of the parties, and by that laches and their active participation, through the representation of their attorneys, against whom no improper conduct has been or could be made, they are estopped from claiming that they are not concluded by the partition proceedings of 1924.

There is much in the decree of Judge Mauldin with which this Court does not agree, particularly the suggestion that each of the two sons of Martha A. Gleaton, under the deed of 1867 of H. H. Gleaton to Martha,

took an estate in the land. This holding is clearly unsound. "The heirs of the body, in a grant of fee conditional, are named, *not for any benefit intended to them,* but to qualify the estate of their ancestor and fix the course of descent, if he makes no disposition. As against him, they have no rights." *Pearse v. Killian,* McMul. Eq., 231.

See, also, *Postell v. Jones,* Harp., 92; *Murrell v. Matthews,* 2 Bay, 397; *Carr v. Porter,* 1 McCord, Eq., 60; *Adams v. Chaplin,* 1 Hill, Eq., 265; *Izard v. Middleton,* Bailey, Eq., 228; *Barksdale v. Gamage,* 3 Rich. Eq., 271; *Wright v. Herron,* 5 Rich. Eq., 441; *Burnett v. Burnett,* 17 S. C., 545; *Owings v. Hunt,* 53 S. C., 187, 31 S. E., 237; *Dillard v. Yarboro,* 77 S. C., 227, 57 S. E., 841; *Holley v. Still,* 91 S. C., 487, 74 S. E., 1065.

We think, however, that the justice of the case, from the standpoint of the law from the conceded facts, has been attained by Judge Mauldin's decree, and the result is approved by this Court.

For the reasons herein stated, the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.