14353

GENERAL LAND & INV. CO. v. VALLENTINE

(187 S. E., 736)

Before MANN, J., Orangeburg, May, 1936.

*Messrs. Zeigler & Brailsford,* for appellant, 

*Messrs. Lide & Felder,* for respondent, 

October 5, 1936.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action was instituted in the Court of Common Pleas for Orangeburg County by respondent against appellant to require specific performance of a contract on the part of appellant to purchase two tracts of land from respondent. It is alleged and admitted that respondent agreed to sell and appellant agreed to purchase of respondent two tracts of land containing 86 and 88 acres of land respectively; that respondent has tendered to appellant a proper deed, and that he has failed and refused to comply with the contract of purchase and to accept the said deed conveying to him the said tracts of land and to pay the purchase price therefor, it being the contention of appellant that respondent is not the owner of the fee to the land involved.

The case was heard before Judge Mann, and on May 5, 1936, he filed an order holding that respondent was seized of the fee to the tracts of land and requiring appellant to specifically perform the purchase contract heretofore mentioned.

Appellant comes to this Court on two exceptions to the order of the Circuit Court, it being conceded, however, by appellant that these exceptions raise only one issue, to wit: Did the Court err in holding that respondent has a good fee-simple title to the property in question?

It is admitted by both appellant and respondent that the determination of this question depends upon the construction

of a deed executed on November 16, 1871, conveying a tract of land described as 200 acres, and which embodies the tracts of land in this case, to Malinda L. Shuler.

The premise clause in the deed from Thomas to Malinda L. Shuler is "unto Malinda L. Shuler (Wife of Allen R. Shuler) and such heirs as she, said Malinda L. Shuler, may have by the said Allen R. Shuler, her present husband, and none other."

The *habendum* is "unto the said Malinda L. Shuler, and her heirs by her present husband, Allen R. Shuler, forever."

The warranty is "unto the said Malinda L. Shuler and her heirs as above mentioned."

It is urged by appellant that the word "heirs" as used in the clauses of the deed heretofore quoted is not used in its strict technical sense as a word of limitation, but should be construed to mean "children." If this construction of the deed is correct, then Malinda L. Shuler and her children by Allen R. Shuler only took a joint life estate in the property and respondent, as their remote grantee, could not convey the fee to appellant. However, we are not in accord with the construction placed on the word "heirs" by appellant in the case at bar. We are aware that it is always open to inquiry in doubtful cases whether or not the word "heirs" is used in its strict technical sense as a word of limitation, but it is also as firmly established that the word "heirs" is a technical word, and technical words are presumed to be used in their strictly technical sense unless the context clearly and unequivocally indicates that they are used in a different sense.

In the case of *Cox v. Newby,* 101 S. C., 193, 85 S. E., 369, 370, this Court had under consideration a deed, the premise of which was simply to Elizabeth Cox. The habendum of the Cox deed was "unto the said Elizabeth J. Cox and her heirs begotten by her present husband, George Cox, forever." The warranty "unto the said Elizabeth J. Cox and her heirs by George Cox." This Court held that the deed conveyed the fee to the grantee.

The words "such heirs as she, said Malinda L. Shuler, may have by the said Allen R. Shuler," appearing in the premise clause of the deed in the case at bar, do not unequivocally and definitely limit the estate intended to be conveyed by the grantor to Malinda L. Shuler. Now, this Court has decided that if an indefinite estate is conveyed by the granting clause, resort may be had to the *habendum* in order to ascertain the intention of the grantor, and if such intention is not contrary to well-settled principles of law, effect will be given thereto. *Wilson v. Poston,* 129 S. C., 345, 123 S. E., 849.

The habendum is "unto the said Malinda L. Shuler and her heirs by her present husband, Allen R. Shuler, forever." It is significant to notice that the only difference between the *habendum* of the deed in the case at bar and the habendum of the Cox deed, is that the word "begotten" does not appear in the *habendum* of the deed in the case at bar. We are satisfied that it was the intention of the grantor, Richard Thomas, to part with the fee and to convey to the grantee, Malinda L. Shuler, a fee conditional, limited to those heirs of her body begotten in wedlock with her husband, Allen R. Shuler.

The judgment of this Court is that the judgment of the Circuit Court be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.