14825

JAMES v. JAMES ET AL.

(1 S. E. (2d), 494)

420

Mr. *Ashton H. Williams,* for appellant,

*Messrs. Royall & Wright,* for respondents,

February 27, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

This action, in which it is sought by plaintiff to have the Court construe a deed to a certain tract of land in Florence County, was begun in July, 1928. A demurrer to the complaint was sustained by Judge Lide in a well considered decree, and this appeal followed.

Under the authorities cited by him, we think that the several questions raised by the exceptions and argued here were properly disposed of by the Circuit Judge. He held that the decision in *Dillard v. Yarboro,* 77 S. C., 227, 57 S. E., 841, is controlling in the case at bar and requires the deed under consideration to be construed as having granted an estate in fee conditional to the grantee, George W. James. Counsel for appellant asked, and was granted, permission to argue against the decision in the

*Yarboro case,* with a view to having the Court modify or overrule it.

No good reason appears, however, why this should be done. That decision was rendered in June, 1907, and has been cited with the evident approval of this Court in the following cases: *Williams v. Gause,* 83 S. C., 265, 270, 65 S. E., 241; *Holley v. Still,* 91 S. C., 487, 495, 74 S. E., 1065; *Pearson v. Easterling,* 104 S. C., 178, 181, 88 S. E., 376; *Lawrence v. Burnett,* 109 S. C., 416, 422, 96 S. E., 144; *Cureton v. Little,* 119 S. C., 31, 37, 111 S. E., 803; *Strother v. Folk,* 123 S. C., 127, 136, 115 S. E., 605; *Simpson v. Antley,* 137 S. C., 380, 386, 135 S. E., 469; *Gleaton v. Gleaton,* 154 S. C., 140, 147, 151 S. E., 276.

While it is true, as pointed out by the appellant, that Mr. Justice Cothran in his concurring opinion in *Wallace v. Taylor,* 127 S. C., 121, 120 S. E., 838, criticized the rule announced in the *Yarboro case,* what was there said by him the only criticism of the decision to which our attention has been called was merely an expression of the individual views of the learned Justice, as the *Yarboro case* was not discussed in the main opinion of the Court. We are impressed with the reasonable view that the decision in the *Taylor case* was affected, if not entirely controlled, by the super-added words "their heirs and assigns", contained in the habendum and warranty clauses of the deed there construed; that is to say, that these words, in the Court's view, raised "an irresistible inference" that it was the intention of the grantor to convey an estate in fee simple. *Adams v. Verner,* 102 S. C., 7, 11, 86 S. E., 211. Consequently, it was held that the authorities cited by the Circuit Judge showed "nothing to prevent W. R. Hamilton from taking the entire fee in the one-half assigned to him."

Upon full consideration of the matter, the Court holds, as already indicated that the decision in the *Yarboro case* should not now be overruled or modified. The contentions of the appellant, therefore, are rejected.

The circuit decree, which we approve and adopt, and which will be reported, is affirmed.

MESSRS. JUSTICES BONHAM and FISHBURNE concur.

Mr. JUSTICE BAKER did not participate.

Mr. JUSTICE CARTER did not participate on account of illness.