## UNITED STATES v. 15,883.55 ACRES OF LAND IN SPARTANBURG COUNTY, S. C., et al.

Civil Action No. 203.

District Court, W. D. South Carolina, Spartanburg Division.

April 14, 1944.

Oscar H. Doyle, U. S. Atty., and W. H. Arnold, Sp. Asst. to U. S. Atty., both of Greenville, S. C., for petitioner.

D. W. Galloway, of Spartanburg, S. C., guardian ad litem for minor defendant Marshall Fleming.

WYCHE, District Judge.

This matter is before me to determine what interest the parties have in the amount of compensation agreed to be paid for tract No. 185–C in the above condemnation pro-

ceedings. The decision in the case involves the construction of a deed by Elias Fleming to Cole Fleming executed and delivered October 8, 1914, duly recorded on the same day, and purporting to convey some estate in the said lot.

The granting clause in the deed is to "Cole Fleming and his children to the third generation", and in the granting clause this is modified by the provision that the grantor Elias Fleming is to retain the use of the property for his lifetime. The habendum of the deed is to "Cole Fleming & his heirs to the 3rd generation", with the printed words "Heirs and Assigns forever" in the printed form following. The warranty is to Cole Fleming with the printed words "Heirs and Assigns" in the printed form following. The grantor signed his deed by making his mark, which indicates that he was an uneducated man. The deed was prepared by L. R. Bull, evidently unversed in the law, but in whose handwriting the written provisions of the deed appear, and who signed as one of the witnesses. The grantee was a nephew of the grantor, and was only five years of age when the deed was executed and delivered, and he died intestate about four years later, and, of course, had no children; his death antedated that of the grantor, who remained in possession of the premises until his death in 1935. The grantor was never married and died intestate. The consideration stated in the deed is "One dollar love & affection". The question for decision is what estate was conveyed by this deed.

It is first contended that the rule against perpetuities renders void the language used in the granting clause "and his children to the third generation", and also in the habendum, "& his heirs to the 3rd generation", and that this language should be stricken from the deed, and leave it operative as if these clauses had never been written into the deed. The rule against perpetuities is stated by the South Carolina Supreme Court as prohibiting the creation of future interests of estates, which by possibility may not become vested within a life or lives in being and 21 years, together with the period of gestation when the inclusion of the latter is necessary to cover cases of posthumous birth. Woodruff Oil, etc., Co. v. Estate of Yarborough, 144 S.C. 18, at page 32, 142 S.E. 50. The application of the rule against perpetuities depends primarily upon the question whether the estate claimed by the devisees is a contingent or vested estate. The rule is not concerned with the postponement of the enjoyment of an interest, but with the postponement of the vesting of such interest. If the deed creates an immediate vested interest, the fact that its enjoyment is postponed is decisive against the application of the rule; if a contingent interest the rule applies. The rule operates to prevent the undue postponement of the vesting of future interests. Woodruff Oil, etc., Co. v. Estate of Yarborough, supra.

However, I need not speculate as to whether there might have been a claimed title in conflict with the rule against perpetuities for the very obvious reason there is no person in existence, nor will there ever be, to claim the title that might have been attacked as being void under the rule. I might say in passing though, that when the deed was made the grantee named, Cole Fleming, was living, and it was altogether possible, if not indeed probable, that he would live long enough to see his own children to the third generation, that is, his immediate children, his grandchildren and his great grandchildren. Such a situation is unusual enough to attract attention, but it frequently happens. It is my opinion that the deed does not violate the rule against perpetuities.

In order to determine the estate created by this deed, I must be governed by the rules of construction as laid down by the South Carolina Supreme Court. One of the first canons of construction is that the intention of the grantor must be ascertained and effectuated if no settled rule of law is violated. Antley v. Antley, 132 S.C. 306, 128 S.E. 31. Intention is a term of art, and signifies the meaning of the writing. Sandford v. Sandford, 106 S.C. 304, 91 S.E. 294. It is always open to inquiry in doubtful cases, whether or not the word "heirs" is used in its strict technical sense as a word of limitation, but it is also as firmly established that the word "heirs" is a technical word, and technical words are presumed to be used in their strictly technical sense unless the context clearly and unequivocally indicates that they are used in a different sense. General Land & Inv. Co. v. Vallentine, 181 S.C. 398, 187 S.E. 736. A life estate cannot be enlarged to a fee by reason of the failure of the future limitation. Buck v. Tolar, 146 S.C. 294, at page 302, 144 S.E. 1. In the case of Strother v. Folk, 123 S.C. 127, 115 S.E. 605, 606, the Supreme Court of South

Carolina said: "The only words in the will which are to be relied upon to show that the testator did not use the words 'heirs of her body' in their ordinary acceptation as creating a fee conditional are the words 'issue or children of her body.' 'Issue' is a word of limitation. Williams v. Gause, 83 S.C. 265, 65 S.E. 241. On the other hand, 'children of her body' are words of purchase, unless the entire will shows otherwise."

In the case of First Carolinas Joint S. L. Bk. of Columbia v. Ford, 177 S.C. 40, 180 S.E. 562, 565, it was decided that:

"Larger and more sensible rules of construction require that the whole deed should be considered together, and effect be given to every part, if all can stand together consistently with law; that an exposition favorable to the intention should be made, if not contrary to law; that the intention should be regarded as looking rather to the effect to be produced than the mode of producing it; that too minute a stress should not be laid on particular words, if the intention is clear, and that, if the deed cannot operate in the mode contemplated by the parties, it should be construed in such manner as to operate, if possible, in some other way. Chancellor v. Windham, 1 Rich. 161, 42 Am.Dec. 411. * * *

" 'It is true that the rule in Shelley's case is still binding authority in South Carolina,[1] but when it appears that the words "heirs," "heirs of the body," or "issue" are so qualified by additional words * * * in the will as to evince an intention that they are not to be taken as descriptive of an indefinite line of descent, but are used to indicate a new stock of inheritance, the rule in Shelley's case does not apply.'

" '* * * According to our decisions, it is always open to inquiry whether the grantor or testator used the word "heirs" according to its strict and proper acceptation, or in a more inaccurate sense to denote "children".' "

■ To give effect to the grantor's intention one word may be construed as another. Bank of Prosperity v. Dominick, 116 S.C. 228, 107 S.E. 914; Sease v. Sease, 64 S.C. 216, 41 S.E. 898. No particular words are necessary to create a fee conditional estate. Any words clearly indicating an intention to convey such an estate are sufficient. However, apt words to create a fee conditional are: "bodily heirs", Cureton v. Little, 119 S.C. 31, 111 S.E. 803; "heirs of her body", Strother v. Folk, 123 S.C. 127, 115 S.E. 605; "in fee simple to the lineal heirs of the said Eleanor B. Clark forever", Clark v. Neves, 76 S.C. 484, 57 S.E. 614, 615; "unto the said Elizabeth J. Cox and her heirs begotten by her present husband, George Cox, forever", Cox v. Newby, 101 S.C. 193, 85 S.E. 369, 370; "unto the said Malinda L. Shuler and her heirs by her present husband, Allen R. Shuler, forever", General Land & Inv. Co. v. Vallentine, 181 S.C. 398, 187 S.E. 736, 737.

■ Applying the foregoing rules of construction and principles of law to this deed, it is my opinion that the words to "Cole Fleming and his children to the third generation" should be construed as equivalent to "Cole Fleming and the heirs of his body", and that the deed, therefore, conveys a fee conditional estate to Cole Fleming. The intention of the grantor, as gathered from the language of the deed, was that the children to. the third generation should take, but certainly they cannot take as immediate grantees, because Cole Fleming had no children when the deed was executed, and in fact never had any; they cannot take by way of remainder, for the grant is immediate. James v. James, 189 S.C. 414, 1 S.E.2d 494; Dillard v. Yarboro, 77 S.C. 227, 57 S.E. 841. It is inescapably obvious that the grantor intended some kind of restriction on his grant to Cole Fleming, and intended some benefit to Cole Fleming's children, grandchildren, and great grandchildren. Effect can be given to this intention only by construing the grant to be successive, that is, to Cole Fleming for life, and then to his children to the third generation by succession, and not as tenants in common with Cole Fleming. Similar language in the habendum except the use of the word "heirs" where the word "children" is used in the grant is of necessity an identification of the successors to Cole Fleming as purchasers, and the following printed words of inheritance, "Heirs and Assigns", relate to the children of Cole Fleming to the third

---

[1] The rule in Shelley's case was abolished by Act of· the General Assembly of South Carolina in 1924 (33 Stat. 1140), now Section 8802 of the Code of 1942, but the repeal is expressly not applicable to instruments executed prior to October 1, 1924.

generation. Since Cole Fleming never had any children to the third generation, the succession failed, and title upon the death of Cole Fleming reverted to the grantor, Elias Fleming, and his heirs at law are entitled to the proceeds of the amount of compensation to be awarded in this case.

Counsel may submit appropriate order.