### OUZTS v. McKNIGHT.

#### (103 S. E. 561.)

1. **Adverse Possession—Possession to Partition Line Run by Mistake Held Not Adverse.**—Where landowner, without knowledge that partition line was not run as intended, held land to the line under the impression he was in possession of only the land to which he was entitled by the partition, he did not thereby acquire title by adverse possession to a strip of adjoining owner's land; such possession not having been with intention to dispossess the owner, and, therefore, not hostile.

2. **Adverse Possession—Must Be With Intent to Dispossess Owner; "Hostile Possession."**—Adverse possession is "hostile possession," which is possession with the intention to dispossess the owner.

3. **Boundaries—Mistake in Running Partition Line Will Be Corrected After Possession for 10 Years.**—Where partition line was not run according to the intention of the parties or to plat made in accordance with such intention, the parties, on discovery of mistake, will be required to fix the line on the ground as it was fixed in the plat, notwithstanding possession of their respective tracts to the line for 10 years.

Before Shipp, J., Florence, January, 1920. Reversed.

Action by Mary McKnight Ouzts against W. B. McKnight. Judgment for defendant and plaintiff appeals.

*Messrs. Willcox & Willcox*, for appellant, cite: *No true partition was had between the parties as a mistake arose in applying the terms to the subject matter, and such a mistake will be corrected:* 50 S. C. 1; 2 Pom. Eq. Jur., sec. 853. *No question of adverse possession arises as there has never been an actual ouster:* 71 S. C. 518. *Possession must be actual, visible, exclusive, adverse, hostile and continuous to constitute adverse possession:* 40 S. C. L. (6 Rich.) 62; 2 Corp. Jur. 50, 122; 86 S. C. 461; 18 S. C. L. (2 Bail.) 603. *Possession by mistake or in ignorance not sufficient:* 2 Corp. Jur. 139; 1 R. C. L. 732; 62 Am. Dec. 527; Ann. Cas. 1912a, 450; 24 Am. St. Rep. 383; 71 S. W. 187 (Mo.); 78 N. W. 204 (Ia.); 129 U. S. 688; 29 L. Ed. 760; 60 Am.

Dec. 726; 74 Am. Dec. 58; 88 Am. Dec. 152; 96 Am. Dec. 456; 57 Am. Rep. 138; 7 Am. St. Rep. 474; 28 Am. St. Rep. 435; 32 Am. St. Rep. 606; 39 Am. St. Rep. 139; 67 Am. St. Rep. 149; Ann. Cas. 1913a, 300.  *Rule adopted by Circuit Judge is minority rule and not based on sound legal principles:* 35 Am. St. Rep. 366.  *Where occupant expressly disclaims title in himself, he cannot thereafter acquire title by adverse possession unless he subsequently sets up claim of title and holds adversely for statutory period:* 48 S. C. 472; 86 S. C. 461; 77 S. C. 129.  *Defendant was charged with procuring original partition, and cannot now take advantage of mistake therein:* 27 Am. Dec. 356.

*Messrs. McNeil & Oliver* and *Dargan & Dargan,* for respondent, cite: *Adverse possession for statutory period even if such possession was taken under a mistake as to boundary line gives title:* 1 R. C. L. 731-33, secs. 48-52; 2 Corp. Jur. 141; 1 Brev. 83; 2 Bay. 429.

June 28, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The parties hereto are children of the same parents. Their controversy is about 75 acres of land, intermediate two parcels confessedly owned by each, thus not accurately but illustratively:

The plaintiff owns X; the defendant owns Z; Y is in issue betwixt them.

The disagreement arose out of these circumstances, alleged in the complaint: The parties owned the whole parcel of about 1,000 acres as tenants in common, and they undertook in 1908 to partition it in kind. A surveyor was employed to that end, and commissioners in partition were appointed. The intention of the commissioners was to make an equal division in kind; that is, to set off to each party 500 acres of land. A plat to that end was made, and on it the correct line A, B, was laid down; but in laying that line down on the ground it was mistakenly run as A, C, thus giving the plaintiff only 425 acres and giving the defendant 575 acres. The action is to remedy that mistake, and to now do that which was intended by all parties to have been done at the outset.

The defendant by answer "admits * * * the allotment of one-half each to the plaintiff and the defendant of the * * * said tract of land;" alleges that "the parts of the said land belonging to the plaintiff and defendant are incorrectly described on (the) plat," etc.; alleges that interchangeable deeds were made by each party to the other "and to equal proportions in area;" and sets up 10 years' adverse possession of the disputed parcel as a bar to the action.

The testimony was taken by the master, and from it the Circuit Court concluded that the plat indicated the true line betwixt the parties, and the plat was part of the deed; that the defendant supposed that the line run on the ground was that run on the plat, and he thought the plaintiff was in actual possession of an equal quanity of land with himself; but that nevertheless the defendant went upon the land in issue, and has held it adversely for 10 years, and the plaintiff is now barred to claim it. The plat showed that the line

21—S. C. 114

A, B, was the true dividing line. The Court found the facts correctly, but not the law. There was no room to apply the statute of limitations.

The defendant in effect admits that there was a mistake in running the line on the ground, for he testified that he only knew that a mistake had been made in running the line on the ground a year before the action was brought, and that up to that time he had been under the impression that there had been a fair and equal division of 500 acres to the side. That amounts to saying that he was on the plaintiff's land, but did not know it, and did not intend to be there.

Adverse possession is hostile possession, and hostile possession is possession with intention to dispossess the owner. 3 Washburn (4th Ed.), p. 129. If the statute does not avail the defendant, then he must, of course, now do that which he and the plaintiff first intended to do; that is to say, fix on the ground the line as it was fixed in the Rhodes plat.

The decree below is reversed, with direction to make such order as will carry out the opinion we have expressed.