20921

Dewey W. PHIPPS and Bertha G. Gerrald, Respondents, v. Leona P. HARDWICK, Dalma P. Owens, Geneva P. Sarvis, Genevieve P. Floyd, Levern Phipps, Joan P. Bethea, Harold Lloyd Phipps and Frankie Phipps, minors over the age of fourteen (14) years, Marlene P. Lowell, Faye P. Hadden, Larry Phipps and Patsy Phipps, a minor over the age of fourteen (14) years, Harry Gene Phipps, Brenda Gail P. Long, Jerry Miller Phipps and Evon H. Phipps, Defendants, of which Harry Gene Phipps, Brenda Gail P. Long, Jerry Miller Phipps, and Evon H. Phipps are Appellants.

(253 S. E. (2d) 506)

18

*W. T. Johnson, Jr.*, Conway, *for appellants.*

*E. Windell McCrackin,* of *McCrackin & Barnett,* Myrtle Beach, and *James C. Hooks, Jr.*, Mullins, *for respondents.*

March 28, 1979.

Moss, Acting Associate Justice:

This is an action for partition. We conclude the trial judge correctly decided the issues presented, and adopt his order in its entirety.

## ORDER

This is an action for partition and/or sale of a tract of land in Bayboro Township, Horry County, South Carolina, containing 50 acres, more or less, which plaintiffs allege belongs to the parties to this action as tenants in common. All of the defendants, except Harry Gene Phipps, Brenda Gail P. Long and Jerry Miller Phipps, joined in the prayer of the plaintiff asking that the property be sold. These three defendants coun-

terclaimed and cross-complained alleging that they were the sole owners of a portion of the tract of land in question by virtue of a deed from Memory A. Phipps to Filmo Phipps dated February 11, 1954, recorded in Deed Book 424 at page 455, records of Horry County. In addition, they allege ownership of part of the property by virtue of alleged adverse possession by them of the property.

Subsequent to the bringing of the action, by consent agreement, Bertha G. Phipps was brought in as a party plaintiff, and Evon H. Phipps was brought in as a party defendant. Evon H. Phipps takes the same position as the position previously taken by her children, Harry Gene Phipps, Brenda Gail P. Long, and Jerry Miller Phipps. The plaintiffs and the other defendants contend that adverse possession has not taken place since the deed by which plaintiffs contend all of the parties are tenants in common granted a life estate to Memory A. Phipps and since his death was not until May 20, 1975, that adverse possession could not ripen as against the other parties to this action.

## FINDINGS OF FACTS

By deed dated February 8, 1908, recorded March 9, 1909, in Deed Book FFF at page 215, records of Horry County, Doctor Phipps conveyed the following described land:

ALL AND SINGULAR, all that certain piece, parcel or tract of land containing 50 acres, more or less, lying in the fork of Joiner Swamp situated in Bayboro Township, and in the County and State aforesaid, and bounded as follows: on the North by Big Joiner Swamp; on the East by lands of Burroughs & Collins Company; on the South by lands of W. R. Lewis; and on the West by lands of W. F. Mishoe and Little Joiner Swamp.

The granting clause in this deed was as follows: "have granted, bargained, sold and released and by these presents do grant, bargain, sell and release unto the said Memory A. Phipps." The *habendum* clause in the deed was as follows:

To have and to hold all and singular the said premises before mentioned unto the said Memory A. Phipps his natural lifetime and at his death shall belong to his children and his wife L. Julia Phipps their heirs forever and also his wife L. Julia Phipps shall have a lifetime right on the within mentioned premises so long as she shall bear the name of Mrs. Memory A. Phipps.

Nevertheless I do accept (*sic*) my natural lifetime right on the within mentioned premises.

Doctor Phipps is deceased, the exact date of death not being shown in the record. On February 11, 1954, Memory A. Phipps, also known as M. A. Phipps, conveyed part of the property to Filmo Phipps, and the heirs of his body, after reserving a life estate unto himself. This deed was recorded on March 2, 1970, in Book 424 at page 455, records of Horry County. There were no children born to Memory A. Phipps and L. Julia Phipps on the date of the deed from Doctor Phipps, but subsequently they had eight children, they being Leona P. Hardwick, born November 19, 1908; Dalma P. Owens, born October 19, 1910; Geneva P. Sarvis, born May 9, 1912; Dewey W. Phipps, born May 31, 1914; Brice Phipps, born August 31, 1916; J. D. Phipps, born February 17, 1919; Genevieve P. Floyd, born February 23, 1921; and Filmo Phipps, born December 9, 1925.

L. Julia Phipps died intestate on August 17, 1957, while Memory A. Phipps died intestate on May 20, 1975. J. D. Phipps died intestate on March 21, 1953, survived by his widow, Beneta S. Phipps, and his children, Marvelene P. Lowell, Faye P. Hadden, Larry Phipps, and Patsy Phipps. Veneta S. Phipps died intestate on August 22, 1967, survived by her children, Marvelene P. Lowell, Faye P. Hadden, Larry Phipps, and Patsy Phipps. Brice Phipps died intestate on December 26, 1969, survived by his widow, Bertha G. Phipps, now Bertha G. Gerrald, and his children, Leverne Phipps, Joann P. Bryant, the same as Joan P. Bethea, Harold Lloyd Phipps, and Frankie Phipps, also known as Willie Franklin Phipps.

Filmo Phipps died intestate on April 2, 1974, survived by his widow, Evon H. Phipps and his children, Harry Gene Phipps, Brenda Gail P. Long, and Jerry Miller Phipps. While the caption of the case indicates that some of the parties are minors, the evidence shows that all of the parties to this action are adults and the court so finds.

The defendants, Evon H. Phipps, Harry P. Phipps, Brenda Gail P. Long, and Jerry Miller Phipps, the surviving widow and children of Filmo Phipps, have been in possession of the property described in the deed from Memory A. Phipps to Filmo Phipps hereinabove referred to since the date thereof, but subject to the life estate retained by him therein. Also, their possession was subject to the life estate of Memory A. Phipps in the deed to him from Doctor Phipps, about which more will be said *infra*. The property subject to this action is owned by the parties hereto as tenants in common as will hereinafter be more specifically pointed out, and is all of the property owned by them as tenants in common. The court finds as a fact also that the property cannot be equitably divided so as to do justice to the parties.

## CONCLUSIONS OF LAW

The pleadings and facts make two issues, namely: First, What is the nature and quantity of the estate conveyed by Doctor Phipps to Memory A. Phipps by deed dated February 8, 1908? and, Second, Have Filmo Phipps, and his widow and children, acquired title by adverse possession to a parcel of land of forty-five acres described in a deed from M. A. Phipps to Filmo Phipps dated February 11, 1954?

The granting clause of the Doctor Phipps' deed states: have granted, bargained, sold and released and by these presents do grant, bargain, sell and release unto Memory A. Phipps.

The absence of words of inheritance in the granting clause conveys only a life estate to Memory A. Phipps, the grantee. *Jordon v. Neese,* 36 S. C. 295, 15 S. E. 202.

The *habendum* clause in the Doctor Phipps deed states:

To have and to hold all and singular the said premises before mentioned unto the said Memory A. Phipps his natural lifetime and at his death shall belong to his children and his wife L. Julia Phipps their heirs forever and also his wife L. Julia Phipps shall have a lifetime right on the within mentioned premises so long as she shall bear the name of Mrs. Memory A. Phipps.

Nevertheless I do accept (*sic*) my natural lifetime right on the within mentioned premises.

The critical issue is the *quantum* and nature of the estate created by the *habendum* clause. Plaintiffs assert that the *habendum* clause conveyed a life estate to Memory A. Phipps and a vested remainder to his wife, L. Julia Phipps, and a contingent remainder to their children which become vested upon the birth of their children, as tenants in common, together with a life estate, subject to divestment, in favor of L. Julia Phipps "so long as she shall bear the name of Mrs. Memory A. Phipps." The countering defendants claim that Memory A. Phipps was conveyed a fee conditional estate in the premises by reason of the application of the Rule in *Shelley's* Case, and that it became a fee simple upon birth of children to the grantee, Memory A. Phipps.

I will not proceed to consider the first qusetion.

The rule in *Shelley's* case is not a rule of construction but a rule of law. Therefore, it is not properly a matter to be considered until the intention of the grantor has been ascertained under the ordinary rules of construction.

The first issue to resolve then is the intention of Doctor Phipps as expressed in the language of the deed to Memory A. Phipps dated February 8, 1908. The fundamental rules of deed construction were succinctly stated by the Supreme Court of South Carolina in *First Carolinas Joint Stock Land Bank of Columbia v. Ford,* 177 S. C. 40, 180 S. E. 562:

The paramount and cardinal rule of construction of a deed is to ascertain the intention of the grantor as expressed by him in the deed and then to give effect to that intention if it can be done without violating an established rule of law. *Rhodes v. Black,* 170 S. C. 193, 170 S. E. 158.

Larger and more sensible rules of construction require that the whole deed should be considered together, and effect be given to every part, if all can stand together consistently with law; that an exposition favorable to the intention should be made, if not contrary to law; that the intention should be regarded as looking rather to the effect produced than the mode of producing it; that too minute a stress should not be laid on particular words, if, the intention be clear, and that, if the deed cannot operate in the mode contemplated by the parties, it should be construed in such manner as to operate, if possible, in some other way. *Chancellor v. Windham,* 1 Rich. 161, 42 Am. Dec. 411.

The object of construction as to deeds, in fact, as to all papers in contest before the Courts, is to reach the intention of the parties, because it is this which must control; otherwise, the contract would be in the contract of the court and not of the parties. *McCown v. King,* 23 S. C. 232. If a question of law arises upon the construction of a deed, it is the province of the court to construe it, and to decide from the language what the intention of the party was. When the intention of the parties can be plainly ascertained, arbitrary rules are not to be resorted to. The rule is that the intention of the parties is to be ascertained by considering all the provisions of the deed, as well as the situation of the parties, and then to give effect to such intention, if practicable, when not contrary to law. *Pope v. Patterson,* 78 S. C. 334, 58 S. E. 945; *Crawford v. Lumber Company,* 79 S. C. 166, 60 S. E. 445; *Smith v. Clinkscales,* 102 S. C. 227, 85 S. E. 1064; *Antley v. Antley,* 132 S. C. 306, 128 S. E. 31.

Subordinate to the foregoing fundamental rules of construction, and as guides to the court in ascertaining and giv-

ing effect to the intention of the grantor as expressed in a deed, are the following rules:

If there are two incompatible, repugnant, or contradictory clauses the first will prevail over the latter. *Smith v. Clinkscales, supra; Crawford v. Lumber Co., supra.* The clauses of a deed may be transposed in order to give effect to the intention of the grantor. *McCown v. King, supra.* To give effect to the grantor's intention, one word may be construed as another. *Rhodes v. Black, supra; Bank v. Dominick,* 116 S. C. 228, 107 S. E. 914; *Sease v. Sease,* 64 S. C. 216, 41 S. E. 898; *Keith v. Perry,* 1 DeSaus, 353; *Church v. Moody,* 98 S. C. 234, 82 S. E. 428.

The intention of Doctor Phipps is plain when the rules of construction are applied to this deed. The granting clause and the *habendum* clause are not in conflict. It is clear to the court that Doctor Phipps, after reserving unto himself a life estate, conveyed the property described in the deed to his son, Memory A. Phipps, for his natural life and upon the death of Memory A. Phipps, the property would go to his children and his wife, L. Julia Phipps, as tenants in common, their heirs forever. While it is of no consequence now, Doctor Phipps also conveyed to his daughter-in-law, L. Julia Phipps, a life estate in the property, subject to divestment.

It is significant that the deed from Doctor Phipps did not contain the usual words of limitation such as "heirs of the body", "issue", "issue of the body" or equivalent expressions that attach to the application of the Rule in *Shelley's* case. The grantor used the word "his children" in *habendum* clause. To express the intention of the grantor, the defendant seeks to transmute the word "children" to "heirs of the body" so that the Rule in *Shelley's* case may apply.

It is true that infrequently the word "children" is sometimes used synonymously with the word "heirs", or "heirs of the body", or "issue" in order to carry out the intention of the grantor. *Hutto et al. v. Ray,* 192 S. C. 364, 6 S. E. (2d) 747. But this convoluted transmutation, which the defendant seeks, would thwart the intention of the grantor. There is

nothing in the *habendum* clause which requires this court to construe "his children" as being the equivalent to "heirs", "issue" or "heirs of the body". On the contrary, the deed indicates a particular class of persons and not a line of indefinite descent. The cases of *James v. James,* 189 S. C. 414, 1 S. E. (2d) 494; and *Dillard v. Yarboro,* 77 S. Ct. 227, 57 S. E. 841, contrary to the countering defendants' position, support the reasoning stated herein. In these cases, the words "her children" or "his lawful children" were construed as words of limitation creating a fee conditional. In the case before me, we have "his children and his wife, L. Julia Phipps, their heirs forever . . .," clearly indicating the vesting of a remainder in them after a life estate in Memory A. Phipps. I therefore conclude that the Rule in *Shelley's* case is not applicable in this case because the limitation is to "children and to his wife," a restricted class or number who take as purchasers as distinguished from "heirs" or "heirs of the body" which denote an indefinite line of decent taking by inheritance.

With the first issue being resolved in favor of Plaintiffs, we now move to the next issue: Have Filmo Phipps, and his widow and children, acquired title by adverse possession to a parcel of land of forty-five acres described in a deed from M. A. Phipps to Filmo Phipps dated February 11, 1954? The answer to this question is that adverse possession, whether for ten (10) years or twenty (20) years or even under the forty (40) year statute, cannot run against remaindermen until the death of the life tenant. *Steele v. Highland Park Manufacturing Company,* 212 F. 972, 4 Cir.; *Bolt v. Sullivan,* 173 S. C. 24, 174 S. E. 491; *Rowell v. Hyatt,* 108 S. C. 300, 94 S. E. 113; *Stamper v. Avant,* 233 S. C. 359, 104 S. E. (2d) 565; and *Crotwell v. Whitney,* 229 S. C. 213, 92 S. E. (2d) 473.

Even the deed from Memory A. Phipps to Filmo Phipps reserved a life estate unto Memory A. Phipps and to his wife, L. Julia Phipps. With Memory A. Phipps having died on May 20, 1975, it becomes clear that

the defendants, Evon H. Phipps, Harry Gene Phipps, Brenda Gail P. Long and Jerry Miller Phipps, have not acquired title to the property in question by adverse possession either under the ten (10) year statute or the twenty (20) year statute. The statute could not commence to run until May 20, 1975, the death of Memory A. Phipps.

It follows the property subject of this action is owned by the parties hereto as tenants in common in the following portions: Leona P. Hardwick, Dalma P. Owens, Geneva P. Sarvis, Genevieve P. Floyd, and Dewey W. Phipps, each own a ⅛th interest therein. Defendants, Marvelene P. Lowell, Faye P. Hadden, Larry Phipps, and Patsy Phipps each own 1/32nd interest therein so that together they own a ⅛th interest therein; the plaintiff, Bertha G. Gerrald, owns 13/324ths interest therein; the defendants, Leverne Phipps, Jo-ann P. Bryant, also known as Joan P. Bethea, Harold Lloyd Phipps, and Frankie Phipps each own 55/2592nds therein, so that these latter five together own a ⅛th interest in said property; the defendant Evon H. Phipps, owns 13/324ths interest therein; and Harry Gene Phipps, Brenda Gail P. Long and Jerry Miller Phipps, each own 55/1944ths interest in said property so that these latter five defendants together own a ⅛th undivided interest in said property. Thus, the heirs-at-law of J. D. Phipps, deceased, own a ⅛th undivided interest in the property; the heirs of Brice Phipps, deceased, owns a ⅛th interest in said property, while each of the living children of M. A. Phipps owns a ⅛th undivided interest therein for a total of eight parts comprising the entire property.

Accordingly, it is

ORDERED AND DECREED that the premises described in the complaint be sold at public auction in the County of Horry by Ralph Hoffman, as Master, upon the following terms, to wit: for cash, with the purchaser to pay five (5%) per cent of his bid in cash or certified funds and the balance within ten (10) days thereafter, on salesday in June next, or some convenient salesday thereafter; and should the

bidder or bidders fail or refuse to comply with any bid, that he resell said premises on the same or any subsequent convenient salesday at the risk of defaulting bidder or bidders and without any further order of this court; that he give twenty-one (21) days public notice of the time and place of such sale; that he execute to the purchaser, or purchasers, a deed or deeds of the premises sold; that out of the proceeds of such sale after deducting his lawful fees, expenses and any lien for taxes for assessments, and reimbursement to Dewey W. Phipps for taxes which he has heretofore paid, and deducting the taxable costs herein, to distribute the remaining proceeds to the parties in this action in the percentages hereinabove set forth; take receipts therefor and file with the report of sale; that he make report of such sale and file it with the clerk of this court; that the purchaser or purchasers at such sale be let into possession on production of said deed or deeds and a certified copy of the order confirming the sale or otherwise as now provided by law.

Should the parties not be able to agree concerning distribution of rental or other income from the property since the death of Memory A. Phipps then this court retains jurisdiction for the purpose of making a final determination therein.

The following is a description of the premises hereinbefore mentioned and ordered sold:

ALL AND SINGULAR, all that certain piece, parcel or tract of land containing 50 acres, more or less, lying in the fork of Joiner Swamp situated in Bayboro Township and in the County and State aforesaid, and bounded as follows: On the North by Big Joiner Swamp; on the East by lands of Burroughs & Collins Company; on the South by lands of W. R. Lewis; and on the West by lands of W. F. Mishoe and Little Joiner Swamp.

And it is so ordered.

LEWIS, C.J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.