22433

Nathaniel BROWN, Appellant, v. Bertha CLEMENS, Respondent.

(338 S. E. (2d) 338)

Supreme Court

---

[1] S. C. Code Ann. § 61-5-20(4)(b) (1976); S. C. Code Ann. Vol. 23, Regs. 7-5 and 7-79 (1976).

*James H. Moss* of *Moss, Bailey & Dore*, Beaufort, *for appellant.*

*W. Brantley Harvey, Jr.*, of *Harvey & Battey*, Beaufort, *for respondent.*

Heard Nov. 5, 1985.

Decided Dec. 19, 1985.

*Per Curiam:*

This case involves a boundary dispute. The Special Referee found Respondent (Clemens) and her predecessors in title had gained an interest in portions of Appellant's (Brown's) land through adverse possession. The Circuit Court affirmed.

We reverse and remand.

## FACTS

Through a series of voluntary conveyances and tax deeds, Clemens acquired legal title to an L-shaped tract of land in

Beaufort County. Brown inherited an interest in the adjoining tract.

Clemens' predecessors in title built a chicken coop on Brown's land in 1936, which still stands. They also built a garage partially encroaching on Brown's land in 1954. This was replaced on approximately the same foundation in 1977.

In 1980, Brown brought an action to declare the boundaries and to order Clemens to remove the encroachments. Clemens' answer alleged ten year statutory adverse possession of the coop and garage areas.

Clemens and her husband testified the encroachments were built on Brown's property under the mistaken belief they were on their own land.

### Testimony of Mrs. Clemens

A. ... And I considered it was all my property.
Q. But you didn't mean to take it from anybody?
A. No, no. I didn't mean to take it. I was using it.
Q. You thought it was all your property?
A. Yeah ...

### Testimony of Mr. Clemens

Q. When you first got this property from Sheriff McTeer in 1934, where did you think your property lines were?
A. I didn't know exactly where they was ...
Q. Okay. And you never intended to take something from somebody that didn't belong to you?
A. No, I don't take nothing.
Q. And you didn't think anybody else owned it, and you didn't go in there with the intention of depriving —
A. No, no.
Q. — them of ownership, did you?
A. No.

### ISSUES

1. May possession be adverse where it is not hostile?
2. Is estoppel applicable?
3. Where should the boundaries be set?

# I. ADVERSE POSSESSION

## A. Existing Law

In *Ouzts v. McKnight*, 114 S. C. 303, 103 S. E. 561 (1920), this Court first recognized that a claim of adverse possession fails where an encroaching neighbor is under a mistaken belief as to boundary location and therefore lacks intention to dispossess the true owner.

Subsequently, in *Lynch v. Lynch*, 236 S. C. 612, 115 S. E. (2d) 301 (1960), we again held that adverse possession is possession with the *intent* to dispossess the owner, stating

> We think that the occupancy of land beyond the true boundary line, by an encroaching owner, does not form a basis for adverse possession, unless the encroachment is made with the intention to claim and hold adversely. Where one is [sic] in the possession of land up to a supposed line intends to claim only to the true line, his possession is not hostile and will not ripen into title.

236 S. C. at 623, 115 S. E. (2d) at 306-307.

Here the coop and garage were erected under a mistaken belief as to the location of the boundary. There is no evidence of record that the possession ever became hostile for the requisite statutory period after construction. A finding of adverse possession was erroneous under the existing rule in *Ouzts* and *Lynch*.

## B. Argument Against Precedent

We granted Clemens' petition to argue against the precedent of *Ouzts* and *Lynch*.

After hearing arguments and reviewing the law we decline to overrule those decisions. Specifically, we retain the requirement of hostility in adverse possession, as defined in *Ouzts* and *Lynch*.

# II. ESTOPPEL

Clemens further contends that, aside from adverse possession, Brown is estopped from asserting title to the disputed property on the theory of acquiescence, citing *Klapman v. Hook*, 206 S. C. 51, 32 S. E. (2d) 882 (1945) and *McClintic v. Davis*, 228 S. C. 378, 90 S. E. (2d) 364 (1955). We disagree.

One of the elements of equitable estoppel is "lack of knowledge or lack of the means of knowledge of the truth as to the facts in question." *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980). Here, distances were given in Clemens' deeds. She or her predecessors in title had the "means of knowledge" to determine the boundary location before building the encroachments.

## III. BOUNDARIES

Brown hired a registered land surveyor, Johnson, to survey the Brown and Clemens properties. In establishing the boundaries, he relied upon the distances given in Clemens' deeds. Johnson's testimony concerning the results of his survey was uncontradicted. Indeed, Clemens independently hired a surveyor who worked with Johnson. Clemens' assertion that the boundary is further to the south is based solely on adverse possession.

We hold that the boundaries between the Brown and Clemens tracts are established by Plaintiff's Exhibit Number One, the plat prepared by Johnson.

## IV. CONCLUSION

We remand this action to the Circuit Court to issue an order compelling Clemens to remove the encroachments within a reasonable time.

Reversed and remanded.