0600

Ivory LUSK, Ivan Lusk, Ivester Lusk, Thaylon Lusk, Ina Lynn Dodson Alexander, Steve O'Dell Dodson, Herbert Dodson as Trustee for Bryson Greg Dodson, Successors in Interest to Ivory Lusk, Guardian for Zenia C. Ellenburg, Respondents, v. John W. CALLAHAM, Appellant.

(339 S. E. (2d) 156)

Court of Appeals

*Kenneth D. Acker* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for appellant.*

*J. Redmond Coyle,* Pickens and *Dallas D. Ball,* Liberty, *for respondents.*

Heard Oct. 15, 1985.

Decided Jan. 2, 1986.

GOOLSBY, Judge:

The issue in this property action is whether the respondents Ivory Lusk and others[1] have established title by adverse possession to a 20.61 acre tract in Pickens County, South Carolina, to which the appellant John W. Callaham has record title. The referee found Lusk satisfied all the elements necessary to establish title by adverse possession. We reverse.

From at least 1932, Lusk's predecessor in interest, his stepfather Claude Ellenburg, claimed ownership to approximately 100 acres of land of which the 20.61 acres in dispute were a part. Ellenburg farmed, tended cattle upon, hunted on, and sold timber off the property, including the disputed tract. Ellenburg died in the early 1960's and the property owned by him passed to his wife, Lusk's mother.

Lusk made no claim of title to the 20.61 acre tract by any written instrument. In fact, the parties stipulated that Callaham has record title to the tract. Callaham has held title to the property since his mother deeded it to him in 1977.

In order to acquire title to the 20.61 acre tract by ■ adverse possession, Lusk had the burden of proving adverse possession by clear and convincing evidence.

---

[1] To simplify matters, we refer to the respondents, whose names appear in the caption, collectively as "Lusk."

*Zinnerman v. Williams*, 211 S. C. 382, 45 S. E. (2d) 597 (1947); *Thomas v. Dempsey*, 53 S. C. 216, 31 S. E. 231 (1897). Proof of adverse possession required Lusk to show that his possession of the property in question was actual, open, notorious, exclusive, continuous, and hostile for the entire statutory period of ten years. *Mullis v. Winchester*, 237 S. C. 487, 118 S. E. (2d) 61 (1961); S. C. Code of Laws § 15-67-210 (1976).

Since the question of title by adverse possession was, in this instance, one tried at law, our factual review is limited to a determination of whether there is any evidence reasonably supporting the findings of the referee. *Mullis v. Winchester, supra.* When, however, the evidence is undisputed and susceptible of only one inference, the question presented to this court is a legal one. *Lynch v. Lynch*, 236 S. C. 612, 115 S. E. (2d) 301 (1960).

The referee found Lusk had acquired title to the 20.61 acre tract by adverse possession. Callaham argues, however, that Lusk did not prove the element of hostile possession. We agree.

In this state, as elsewhere, adverse possession requires hostile possession, that is, possession with intention to dispossess the owner. *Ouzts v. McKnight*, 114 S. C. 303, 103 S. E. 561 (1920). The mere possession of land, however, does not in and of itself manifest hostility toward the landowner. *Knight v. Hilton*, 224 S. C. 452, 79 S. E. (2d) 871 (1954); *Croft v. Sanders*, 283 S. C. 507, 323 S. E. (2d) 791 (Ct. App. 1984). In South Carolina, unlike in most other jurisdictions, possession under a mistaken belief that property is one's own and with no intent to claim against the property's true owner cannot constitute hostile possession. *Brown v. Clemens*, 338 S. E. (2d) 338 (S. C. 1985); *Lynch v. Lynch, supra; Babb v. Harrison*, 220 S. C. 20, 66 S. E. (2d) 457 (1951); *Ouzts v. McKnight, supra;* Note, *South Carolina Law on Boundary Disputes*, 12 S.C.L.Q. 418, 419-26 (1960); *cf. Mannillo v. Gorski*, 54 N. J. 378, 255 A. (2d) 258 (1969) (wherein New Jersey Supreme Court discards the minority rule, which South Carolina and several other states follow, and adopts the majority rule and holds any entry and possession for the required time that is exclusive, continuous, uninterrupted, visible, and notorious, even though under mistaken claim of title, is sufficient to support a claim of

title by adverse possession because the minority rule rewards an intentional wrongdoer and disfavors an honest, mistaken entrant).

The property, which Ellenburg used for many years as a cattle pasture and for a short while as a sawmill site and around which he maintained a fence, was surveyed for the first time in 1981. Prior to then, Lusk and his predecessors in interest believed the 20.61 acre tract belonged to them and to no one else. As Ivory Lusk repeatedly testified, "[W]e thought it was ours." *Cf. Gibson v. Dudley*, 233 N. C. 255, 63 S. E. (2d) 630 (1951) (plaintiff's claim to property held not adverse where plaintiff testified, "I thought all the time it was my property").

Obviously, Lusk and his predecessors in interest did not enter and continue to occupy the property with any conscious hostility. Until 1981, the year this action was instituted, they occupied the 20.61 acre tract thinking they were its rightful owners. Lusk and the Ellenburgs, then, were not intentional wrongdoers but honest, mistaken entrants. Because South Carolina's law on adverse possession apparently favors intentional wrongdoers and because our powers, as an intermediate appellate court, do not permit us to change it [see *Bain, Exr. v. Self Memorial Hospital*, 281 S. C. 138, 314 S. E. (2d) 603 (Ct. App. 1984)], we reluctantly conclude the referee erred in holding that Lusk acquired title to the 20.61 acre tract by adverse possession.

Reversed.

SHAW, J., and LITTLEJOHN, Acting J., concur.