1262

Claretta TAYLOR, as Administratrix of the Estate of Frank Edward
Taylor, Respondent v. Margaret GOODWIN, Appellant.

(375 S. E. (2d) 346)

Court of Appeals

*Joseph L. Smalls, Jr.*, Columbia, *for appellant.*

*Harry T. Heizer, Jr.*, Columbia, *for respondent.*

Heard Nov. 8, 1988.

Decided Dec. 5, 1988.

GOOLSBY, Judge:

The dispositive issue in this property action tried at law is whether Claretta Taylor, as administratrix of the Estate of her late husband, Frank Edward Taylor, established by adverse possession title to a six-foot strip of land used as part of a driveway. The dispute centers upon the element of hostile possession. Margaret Goodwin appeals. We affirm.

Our factual review is limited in this instance to a determination of whether there is any evidence reasonably supporting the findings of the trial judge. *Lusk v. Callaham*, 287 S. C. 459, 339 S. E. (2d) 156 (Ct. App. 1986).

South Carolina continues to embrace the minority view that one must support a claim of title by adverse possession with proof that the possession was hostile. *Brown v. Clemens*, 287 S. C. 328, 338 S. E. (2d) 338 (1985); *Lusk v. Callaham, supra.* The minority view, as one court noted in discarding it, rewards an "intentional wrongdoer and disfavors an honest, mistaken entrant." *Mannillo v. Gorski*, 54 N. J. 378, 384, 255 A. (2d) 258, 261 (1969).

Here, there is evidence that reasonably supports the trial judge's finding of hostility. *Viz:*

Q. [By Taylor's counsel] ... Did you and Frank know where the boundary line was?

A. [Taylor] No, we didn't.

Q. Between the two?

A. No, we didn't, nor did anyone else know and no one knows today where it is.

Q. Did you and Frank intend to use all of the land you were using as a driveway as your own?

A. We intended to use it.

Q. Did you intend to use the land no matter who it belonged to?

A. We intended to use the driveway, regardless ... who owned it, regardless to whatever happened, that was our intention. The driveway was intended to be used by us and we intended to use it. Regardless of who owned it.

Q. By using that land did you and Frank intend to take it away from the true owner and keep it for your very own?

A. We intended to use that driveway.

Q. Regardless of who it belonged to?

A. Regardless to who owned it.

Q. Did you intend to take it away from the true owners?

A. Yes, we did.

Q. And keep it as your own?

A. And keep it as our driveway because it was intended to be used, that was our driveway.

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.