### 23348

Joan Middleton MILLER, Lennie S. Middleton, Jr., Phillip Michael Rollins, and Johnny Richard Rollins, Jr., Appellants v. William Gary LEAIRD and Southland Forest Products, Inc., Respondents.

(413 S.E. (2d) 841)

Supreme Court

*H.F. Bell* and *Stephen C. Wallace*, Chesterfield, *for appellants.*

*James I. Redfearn*, Chesterfield, *for respondent William Gary Leaird.*

*Robert Wilson Davis*, Kershaw, *for respondent Southland Forest Products, Inc.*

## ON REHEARING

This matter is before the Court on Respondent William Gary Leaird's petition for rehearing on this Court's reversal of the judgment of the special referee. *Miller v. Leaird*, Op. No. 23348 (S.C. Sup. Ct. Filed Feb. 11, 1991). We grant respondent's petition.

Respondent contends that creation of a life estate does not suspend the running of the statutory periods for the forty-year lapse statute or the ten-year lapse statute for presumption of grant or adverse possession. We agree.

Upon reconsideration after careful review of petitioner's motion for rehearing and the record, without oral argument or briefs, we set aside Opinion No. 23348 and submit the following in lieu thereof.

Heard Dec. 7, 1989; Decided Jan. 27, 1992.

Reh. Den. Feb. 19, 1992.

*Per Curiam:*

This is an appeal from the judgment of a special referee in an action for trespass to try title. The referee held that Respondent William Gary Leaird (Leaird) had established title to the disputed property under S.C. Code Ann. §§ 15-3-380 and 15-67-220 (1976) and by acquiescence. We affirm.

Appellants Joan Middleton Miller, Lennie S. Middleton, Jr., Phillip Michael Rollins, and Johnny Richard Rollins, Jr., commenced this action in 1987 alleging that Respondents Leaird and Southland Forest Products, Inc. (Southland) had trespassed upon, cut and removed timber from land belonging to

the appellants. Appellants sought to have the court declare them legal owners of the disputed property, award damages, and grant injunctive relief.

Leaird asserted the defenses of the forty-year lapse statute, the ten-year adverse possession statute, acquiescence as to the boundary line, and estoppel. Leaird also counterclaimed alleging trespass by the appellants, for which he sought damages and injunctive relief. Southland answered by general denial and filed a cross-claim against Leaird.[1]

This case involves a fifteen (15) acre tract of land in Chesterfield County. Appellants' title derive from W.C. Raley, who was deeded two hundred and one (201) acres on June 5, 1905, by D.G. graham. Out of this 201 acre tract, on December 11, 1908, W.C. Raley deeded to appellants' predecessor in title, W.R. Hendricks, the 15 acres now in dispute. On December 12, 1913, W.R. Hendricks conveyed to E.H. Melton sixty-eight (68) acres, consisting of the disputed 15 acres and a fifty-three (53) acre tract. Thereafter, all deeds in appellants' chain of title refer to a 68 acre tract of land. In 1938, W.L. Jordan deeded the 68 acres to C.W. Jordan (C.W.). C.W. died in 1968 and his wife, Louise Jordan (Louise), received the 68 acres under C.W.'s will. Louise conveyed the 68 acres to the appellants in 1975, retaining a life estate unto herself. Louise died in 1987.

Respondents also trace their title back to W.C. Raley, whose heirs deeded Leaird's predecessor in title, L.E. Raley, one hundred and eighty-five (185) acres of land in 1915. In 1941, one of Leaird's predecessors in title, C.M. Jordan, was deeded a three hundred and thirty-five (335) acre tract consisting of the 185 acres from the common source and another one hundred and fifty (150) acre tract. Leaird was eventually deeded these 335 acres. The deed to this 335 acre tract incorporated a plat by Will Clark, Land Surveyor, dated April 14, 1941, and recorded July 7, 1941. Leaird's chain of title subsequent to 1941 shows boundaries in accordance with the Clark plat, which has been referenced in each deed and mortgage of

---

[1] Southland is a party to this action by virtue of a timber deed from Leaird to Southland. Since the referee found that Leaird had established title to the disputed property, Southland's cross-claim was moot and Southland is not a party to this appeal. In the event appellants prevail, Southland has reserved the right to have the case remanded for consideration of its cross-claim.

the respondent's chain of title since that time. The Clark plat shows, as part of the 335 acres owned by Leaird, the 15 acre tract which is the subject of this litigation.

The referee held that the respondent had satisfied the ten-year adverse possession statute, S.C. Code Ann. § 15-67-220 (1976).[2] Moreover, the referee found that forty-six years had elapsed between the date of the deed and plat of 1941 and the time when this action was instituted in 1987. Thus, Leaird had been in possession of the fifteen-acre tract for a period in excess of forty years as provided by S.C. Code Ann. § 15-3-380 (1976).[3] The referee found that respondent had shown that the line established by him had been acquiesced in and considered to be the property line between the parties for the applicable period.

Appellants alleged their record title is valid, that they and their predecessors in title have been in actual and constructive possession of the premises since 1908, and that there is a legal presumption for possession in their favor. Appellants claim no evidence was adduced before the referee to warrant the finding that Leaird obtained title by adverse possession or acquiescence. Appellants contend further that both the ten-year and forty-year statutory periods for adverse possession were suspended in 1975 by the creation of Louise Jordan's life estate.

---

[2] S.C. Code Ann. § 15-67-220 (1976). Effect of occupation under written instrument or court decree or judgment.

Whenever it shall appear (a) that the occupant or those under whom he claims entered into the possession of premises under claim of title, exclusive of any other right, founding such claim upon a written instrument as being a conveyance of the premises in question or upon the decree or judgment of a competent court and (b) that there has been a continued occupation and possession of the premises, or of some part of such premises, included in such instrument, decree or judgment under such claim for ten years, the premises so included shall be deemed to have been held adversely, except that when the premises so included consist of a tract divided into lots, the possession of one lot shall not be deemed a possession of any other lot of the same tract.

[3] S.C. Code Ann. § 15-3-380 (1976). Effect of forty-year lapse.

No action shall be commenced in any case for the recovery of real property or for interest therein against a person in possession under claim of title by virtue of a written instrument unless the person claiming, his ancestor or grantor, was actually in the possession of the same or a part thereof within forty years from the commencement of such action. And the possession of a defendant, sole or connected, pursuant to the provisions of this section shall be deemed valid against the world after the lapse of such a period.

The respondent asserts that since 1941, he has been in actual, open, notorious, hostile, continuous and exclusive possession and has held a continuous, unbroken chain of title to the fifteen acres in question, entitling him to ownership under S.C. Code Ann. §§ 15-3-380 and 15-67-210 (1976), and by acquiescence.

An action of "trespass to try title" puts the title in issue and a finding determines not only the issue of trespass, but also of title. *Little v. Little*, 223 S.C. 332, 75 S.E. (2d) 871 (1953). Because an adverse possession claim is an action at law, the character of the possession is a question for the jury or fact finder. *Lynch v. Lynch*, 236 S.C. 612, 115 S.E. (2d) 301 (1960). Therefore, our review is limited to a determination of whether there is any evidence reasonably tending to support the referee's findings. *Knight v. Hilton*, 224 S.C. 452, 79 S.E. (2d) 871 (1954).

A plaintiff's title by adverse possession requires proof of actual, open, notorious, hostile, continuous, and exclusive possession by the claimant, or by one or more persons through whom he claimed, for the full statutory period. *Crotwell v. Whitney*, 229 S.C. 213, 92 S.E. (2d) 473 (1956). Adverse possession is an affirmative defense, and the burden of proof is upon the party relying thereon. *Weston v. Morgan*, 162 S.C. 177, 160 S.E. 436, 445 (1931).

Possession is presumed to follow the legal title to land. *Knight v. Hilton, supra.* However, the mere possession of land does not in and of itself show hostility to the owner. "Indeed, there is every presumption that such an occupancy is in subordination to the legal title." *Hilton*, 224 S.C. at 456, 79 S.E. (2d) at 873. The South Carolina Code of Laws provides as follows:

> In every action for the recovery of real property or the possession thereof the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time required by law. The occupation of such premises by any other person shall be deemed to have been under and in subordination to the legal title unless it appear that such premises have been held and possessed adversely to such legal title for ten years before the commencement of such action.

S.C. Code Ann. § 15-67-210 (1976).

In order for Leaird to maintain this action, he must rebut appellants' presumption of possession by proof of adverse possession; and such proof must be by clear and convincing evidence. *Zinnerman v. Williams*, 211 S.C. 382, 45 S.E. (2d) 597 (1947). We conclude that there is evidence in this record to support the referee's finding that Leaird has carried his burden of proof.

Leaird presented evidence that he and his predecessors paid the mortgages on the property, paid taxes on the property, and marked the boundary lines of the disputed property for the statutory periods. Moreover, there is evidence that Leaird sold timber cut from the disputed property. Hence, we are persuaded that the plat, deeds, wills, mortgages and sale of timber establish that Leaird had acquired this property by adverse possession.

Appellant also asserts that any evidence of adverse possession is negated by the creation of a life estate and remainder. We disagree.

It is well established that adverse possession does not run against a remainderman until the death of the life tenant. *Phipps v. Hardwick*, 273 S.C. 17, 253 S.E. (2d) 506 (1979). Similarly, presumption of grant will not be acquired against a remainderman who is unable to assert his rights until an intervening life estate is extinguished and the remainderman is entitled to possession. *See Phipps v. Hardwick, supra;* 10 S.C.L.Q. 292, 302 (1958) *(citing Bolt v. Sullivan*, 173 S.C. 24, 174 S.E. 491 (1934)). However, once the statute of limitations has commenced to run, no subsequent disability will arrest it. *Milton v. Pace*, 85 S.C. 373, 67 S.E. 458 (1910); *Sutton v. Clark*, 59 S.C. 440, 38 S.E. 150 (1901).

In *Kubiszyn v. Bradley*, 292 Ala. 570, 298 So. (2d) 9 (1974), the Alabama Supreme Court held that once the statutory period for adverse possession commences to run against a landowner, the running of the statutory period is not suspended by the subsequent creation of a life estate and remainders in the property. In accord with the *Bradley* Court is the *Restatement of the Law of Property*, which states in pertinent part:

Where the period of the statute of limitations or the pe-

riod of prescription has commenced to run against the owner of an estate in land who thereafter transfers all or part of his ownership in such a way as to create a future interest therein, such period is computed against the owner of the future interest so created in the manner as it would have been computed against the transferor had there been no transfer.

*Restatement of Property*, § 226 (1936).

Accordingly, we hold that once the statutory period for adverse possession is activated, the subsequent creation of a life estate will not suspend the running of such period. The findings of the special referee are affirmed. Appellants' remaining exceptions are disposed of pursuant to Supreme Court Rule 23.

Affirmed.

GREGORY, C.J., not participating.