THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Albert Simmons and Linzsy Simmons, Appellants,
v.
Thelma Corbitt and Maxine C. Todd, Respondents.
 
 
 

Appeal from Horry County
 J. Stanton Cross, Jr., Master-in-Equity

Unpublished Opinion No. 2006-UP-221
Submitted March 1, 2006  Filed April 18, 2006

REVERSED

 
 
 
George E. Graham, of Conway, for Appellants.
Thelma Corbitt and Maxine C. Todd, both of Surfside Beach, pro se.
 
 
 

PER CURIAM:  In this boundary dispute case, Albert and Linzsy Simmons (Appellants) appeal the decision of the master-in-equity to divide the area in controversy evenly between them and Respondents Thelma Corbitt and Maxine C. Todd.[1]  We reverse.[2]
FACTS
In 1970, Appellants had their property surveyed to determine where to locate a water pump house.  The survey showed a gap between the property belonging to Appellants and the adjacent property belonging to Thelma and Herbert Corbitt.[3]  Despite their knowledge that they did not have record title to gap, Appellants located their water pump house in the area.[4]
In 1990, Appellants tore down the water pump house.  Subsequently, their son moved his mobile home within twenty inches of the gap and used the area as his back yard.  On September 13, 1993, Respondents had their property surveyed by Sur-Tech, Incorporated.  This survey shows the gap and contains the following explanation: 

The triangle shaped parcel described hereon, represents an existing gap between adjoining owners[.]  The adjoining owners deeds and plats satisfied within reason, both mathematically and with bearings and distances, does substantiate and support the existing gap shown.

After the survey by Sur-Tec, Respondents put logs in the gap area.  They also planted flowers, mowed the grass, and parked cars there.  These actions prompted Appellants to file a complaint on November 10, 1998, claiming the gap by adverse possession.  Respondents answered, denying Appellants adverse possession claim and asserting they owned the gap through chain of title.  Respondents further alleged they owned the property under color of title and exercised dominion and control over their respective portions of it.
Before trial, Appellants hired Larry Thomas Beasley to survey their property.  Beasley, in his deposition de bene esse, opined the gap belonged to Appellants based on the earliest recorded plat, which was recorded in 1921.  Moreover, he explained the gap was created in 1954, when the second recorded plat of the area used a dividing line inconsistent with the 1921 plat.  Furthermore, Beasley pointed out the inconsistency created by the 1954 plat caused the gap to be included in the Corbitts property.  Every plat subsequent thereto showed the gap without noting ownership.  
At trial, Linzsy Simmons testified she knew another party owned the gap as early as 1970, when she had the water pump house placed there.  Herbert Corbitt testified he thought his mother owned the gap in 1927 and he owned the property through chain of title since that time.  He further testified he never meant to take the gap from its rightful owner.  Todd testified she thought she owned the gap because her father had always told her they owned the gap.  Todd additionally testified she would not try to deprive the rightful owner of possession of the gap.  Thelma Corbitt, too, testified she always thought the gap belonged to her.  The record before us indicates neither Todd nor the Corbitts testified before the master about any objective indication of ownership of the gap before 1993.
The master found the dispute arose because of the inconsistent surveys in 1921 and 1954.  The master further found [a]ll parties to this action have testified that they have been exercising continuing dominion and control over the disputed property in an exclusive, hostile manner for more than 28 years.  Based on his findings, the master used the equitable powers of this court to hold the disputed parcel of real estate should be divided equally between [Appellants] and [Respondents].  This appeal followed.
STANDARD OF REVIEW
Because an adverse possession claim is an action at law, the character of the possession is a question for the jury or fact finder.[5]  Our review is therefore limited to a determination of whether any evidence reasonably tends to support the masters findings.[6]  
LAW/ANALYSIS
We agree with Appellants that the master erred in finding Respondents had established a valid claim to the property through adverse possession.[7]
A plaintiffs title by adverse possession requires proof of actual, open, notorious, hostile, continuous, and exclusive possession by the claimant, or by one or more persons through whom he claimed, for the full statutory period.[8]  Since 1882, South Carolinas adverse possession statutes have been virtually unchanged[9] and provide a statutory time period of ten years.[10]  
Moreover, in boundary line disputes, South Carolina adheres to the rule that possession under a mistaken belief that property is ones own and with no intent to claim against the propertys true owner cannot constitute hostile possession. [11] 
The record before us is devoid of evidence of any objective indications of ownership of the disputed property by Respondents before 1993.  In addition, the record before us affirmatively shows Respondents operated under the assumption the gap belonged to them through chain of title; therefore, they never intended to dispossess the true owner.  Without evidence of such intent, we hold the master erred in finding Respondents could claim ownership of the gap through adverse possession.[12]  
 REVERSED.
 GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]  Appellants filed this action as one to determine the boundary line between the parties properties.  Moreover, Thelma Corbitt and Maxine C. Todd (collectively Respondents) answered and requested a determination of the boundary line between the properties.  Finally, the masters order indicates this is a boundary line dispute case.  We therefore treat this case as one to determine the proper boundary line between the parties properties.
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.  In determining oral argument would not aid the court in resolving this appeal, we note that the record on appeal does not contain the full transcript of the trial before the master and that Respondents did not file a brief.  For purposes of this appeal, then, we consider the record only as it was presented to us.  See Rule 208(a)(4), SCACR (Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper.); Campbell v. Carr, 361 S.C. 258, 266-67, 603 S.E.2d 625, 629 (Ct. App. 2004) (Goolsby, J., concurring) (explaining that under Rule 208(a)(4), SCACR, the appellate court can reverse without searching the record for reasons to affirm); Wierszewski v. Tokarick, 308 S.C. 441, 444 n.2, 418 S.E.2d 557, 559 n.2 (Ct. App. 1992) (In this case, we deem it proper to reverse on the points presented rather than to search the record for reasons to affirm.).
[3] Thelma Corbitt deeded a part of her interest in the property adjacent to the gap to Todd, who is the Corbitts daughter, on September 28, 1993.  Herbert Corbitt deeded all his interest in the property adjacent to the gap to Todd on October 20, 1996, and therefore is not a party to this action.  
[4] Linzsy Simmons testified she believed the gap belonged to Burroughs and Collins Co.
[5]  Miller v. Leaird, 307 S.C. 56, 61, 413 S.E.2d 841, 843 (1992); see also, Crotwell v. Whitney, 229 S.C. 213, 222, 92 S.E.2d 473, 478 (1956) ([T]he issue of adverse possession being a legal one, its
determination by the lower court, which is not without reasonable support in the evidence, is binding upon [an appellate court].).  
[6]  Miller, 307 S.C. at 61, 413 S.E.2d at 843.
[7]  Respondents did not file a brief in this appeal or otherwise except to the masters order.
[8]  Miller, 307 S.C. at 61, 413 S.E.2d at 844.  
[9]  8 S.C Jur. Adverse Possession § 3 (1991).  
[10] S.C. Code Ann. § 15-67-210 (2005).
[11] Lusk v. Callaham, 287 S.C. 459, 461, 339 S.E.2d 156, 158 (Ct. App. 1986); see also Brown v. Clemens, 287 S.C. 328, 331, 338 S.E.2d 338, 339 (1985) ([A] claim of adverse possession fails where an encroaching neighbor is under a mistaken belief as to boundary location and therefore lacks intention to dispossess the true owner.).
[12] We do not address Appellants contention that the earliest recorded survey prevails over any subsequent surveys.  See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).